**Thomas R. WICKWIRE, Appellant,**

v.

**Patrick McFADDEN, d/b/a M/C Enterprises, Tryck, Nyman & Hayes, Inc., and Carl Lanz, Appellees.**

No. 3295.

Supreme Court of Alaska.

April 14, 1978.

Thomas R. Wickwire, pro se.

James F. Petersen, Juneau, for appellees.

1. *Webb v. City and Borough of Sitka,* 561 P.2d 731, 734 (Alaska 1977); *Braund, Inc. v. White,* 486 P.2d 50, 54 (Alaska 1971).

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

The question in this case is whether summary judgment was properly entered in favor of appellee, Patrick McFadden. The facts before the court when it found in favor of McFadden, construed most favorably to the losing party below,[1] are as follows.

In 1972, McFadden entered into a real estate contract with Pioneer Brokerage and Sales, Inc. (Pioneer) under which McFadden was to purchase and subdivide a tract of land in Juneau. The real estate contract was never recorded but the property was subdivided by McFadden and the subdivision was approved by the Greater Juneau Borough. Under the terms of the real estate contract, Pioneer agreed to release each individual lot to McFadden in exchange for $1,200. The contract also contained a termination clause which provided that, if the contract was terminated, Pioneer would retain title to all of the property except property which had been dedicated to a public use and lots which had been sold, so long as Pioneer had been paid $1,200 for each lot.

Appellant Wickwire and McFadden then made an oral contract under which Wickwire agreed to purchase Lot 4, Block B of the subdivision. On May 20, 1974, Wickwire signed escrow instructions pursuant to the oral contract and paid $1,200 to Transamerica Title Company as a down payment. On the same date, McFadden signed seller's instructions. Meanwhile Wickwire had taken possession of the lot and begun construction of a house. Wickwire was to pay the balance[2] of the purchase price no later than

2. There is some confusion whether the contract price was $5,000 or $4,500, which would make the balance either $3,800 or $3,300. During the

July 15, 1974. Just after Wickwire signed the escrow instructions, McFadden and Pioneer had a dispute as to whether McFadden had breached the contract between them. Pioneer purported to terminate the contract on June 19, 1974. Wickwire learned of the dispute and made no further payments to McFadden. Wickwire inquired of Pioneer's attorney whether McFadden had any further interest in Lot 4, Block B; Pioneer's attorney expressed his opinion that McFadden had no further interest. Wickwire next obtained a quitclaim deed from Pioneer which was executed and recorded on January 31, 1975. The amount Wickwire paid for this deed is not reflected in the record.

Wickwire than filed the present action against McFadden to quiet title; McFadden counterclaimed for the balance of the contract price. Wickwire then moved for summary judgment and McFadden requested summary judgment in his favor in opposition. On appeal from the grant of summary judgment in favor of McFadden, Wickwire's primary contention is that there was a material question of fact whether McFadden could convey good title to him at the time for performance of their contract. We agree that this question was unresolved and reverse.

The burden is on the party requesting summary judgment to show, by evidence which would be admissible if presented at trial, that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. Civil Rule 56(c). In the present case, McFadden acknowledged that he had an outstanding dispute with Pioneer when Wickwire obtained the deed from Pioneer. McFadden's memorandum filed with the Superior Court stated:

That dispute was ultimately resolved by a mutual rescission of the development con-

tract pursuant to which equitable title to the unsold lots was conveyed back to Pioneer Brokerage and Sales, Inc. by quitclaim deeds. Specifically excepted from the rescission of the contract were certain unsold lots including lot 4, which is the subject of this suit. Equitable title has never been conveyed from the McFaddens to Pioneer Brokerage and Sales or to plaintiff.

No reference to any affidavit, deposition or exhibit supporting this statement was made in the memorandum. A similar statement appears in McFadden's brief before this court, also with no record reference. Since we regarded the matter as important, we entered an order requiring appropriate supporting citations; in response, McFadden's counsel cited us to the unverified statements contained in the memorandum filed below. We have made an independent examination of the materials in the record available to the superior court when summary judgment was granted and find no verification of these statements.

 A seller under a land sale contract is not entitled to recover for the price unless he is able to convey good title in a timely manner.[3] McFadden did not establish his ability to comply with these requirements and therefore summary judgment was improperly entered in his favor.

In view of our decision on this issue, it is unnecessary to decide appellant's other claims of error.

REVERSED.

---

course of litigation the parties stipulated that the balance was $3,300; Wickwire deposited that sum in a controlled savings account to be disbursed in accordance with the final result of the litigation and McFadden delivered a quitclaim deed to Wickwire.

**3.** See *Beck v. Combs,* 169 Cal.App.2d 583, 337 P.2d 505 (1959); *Smith v. Keating,* 52 Wash.2d 391, 326 P.2d 60 (1958); *Glad Tidings Church of America v. Hinkley,* 71 Ariz. 306, 226 P.2d 1016 (1951); 3A Corbin on Contracts §§ 663, 664, 666 (1960); cf. *Kendall v. Hastings,* 200 Okl. 643, 198 P.2d 998 (1948).