**Michael BROCK, Appellant,**

v.

**WEAVER BROTHERS, INC., Appellee.**

**No. 5752.**

Supreme Court of Alaska.

Feb. 19, 1982.

---

Michelle V. Minor, Anchorage, for appellant.

Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Michael Brock, an employee of Alaska International Air, Inc. [AIA], was injured in an on-the-job accident on December 19, 1977. In a complaint filed on December 18, 1979, he alleged in part that Weaver Broth-

ers, Inc. [Weaver Brothers], and numerous other defendants, were liable for his injuries. It was alleged that when the injury occurred, Brock was using equipment "owned or controlled by one or more of the defendants" and that the negligence of Weaver Brothers or another defendant caused his injuries.

On September 22, 1980, Weaver Brothers moved for summary judgment. The motion was grounded on the contention that the accident was due to the negligence of Brock's co-employees and thus Brock's remedy is a workers' compensation claim against his employer, AIA. Weaver Brothers further argued that it did not have anything to do with the pipe loading operations which resulted in injury to Brock. Specifically, Weaver Brothers contended that it did not exercise control or have the right to exercise control over the operations of AIA at the time the accident occurred.

In support of its summary judgment motion, Weaver Brothers submitted the affidavit of Ralph L. Brumbaugh, an AIA vice-president in charge of maintenance and operations. Brumbaugh averred that at the time of the injury Brock was an employee of AIA; that all of the equipment which was utilized in the loading operation was owned by AIA; that all of the employees involved were employees of AIA; and that "Weaver Brothers, Inc .... did not have any contact or involvement with the incident which occurred on December 19, 1977."

Counsel for Brock, in opposition to the motion for summary judgment, in part took the position that Brumbaugh's affidavit was insufficient to warrant summary judgment for Weaver Brothers.[1] Weaver Brothers then supplemented its motion with a second affidavit from Brumbaugh, which was asserted to be based on Brumbaugh's personal knowledge of the various corporations sued and of the operations conducted on the premises of AIA. In this second

---

1. Brock contended that the affidavit failed to demonstrate that Brumbaugh was competent to testify "with regard to the involvement or potential liability of said defendants and his affidavit should not be accepted or considered by this Court as admissible on the issue of the potential liability of said defendants."

affidavit Brumbaugh stated that Weaver Brothers had no right to control the loading operation, nor had it actually exercised any control; that no contract between AIA and Weaver Brothers gave the latter any right to control the loading operations of AIA; and that he had checked the equipment that was being utilized at the time of the loading operation and that it was all owned by AIA and under the exclusive care, custody, and control of AIA.[2]

Following a hearing, the superior court granted summary judgment to Weaver Brothers, certifying it as a final judgment under Civil Rule 54(b). This appeal followed.

Brock's most significant contention in this appeal is that the Brumbaugh affidavits contained mere conclusory allegations that Weaver Brothers was not liable, and that they were therefore insufficient to warrant summary judgment under Civil Rule 56(e).[3] Weaver Brothers argues that the fact that the second affidavit was made upon the personal knowledge of the affiant suffices, given Brumbaugh's executive position.

This issue essentially comes down to a dispute whether Brumbaugh's denial of liability on the part of Weaver Brothers "set[s] forth such facts as would be admissible in evidence and ... show[s] affirmatively that the affiant is competent to testify to the matters stated therein."[4] Civil Rule 56(e) is essentially a requirement that the allegations in an affidavit not be mere hearsay or conclusory declarations.[5]

In our view, Brumbaugh's second affidavit fulfilled the requirements of Civil Rule 56(e) and satisfied Weaver Brothers' burden of showing that there was no genuine issue as to any material fact and that it was entitled to summary judgment as a matter of law. *Wickwire v. McFadden*, 576 P.2d 986 (Alaska 1978); *Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447 (Alaska 1974); *Alaska Rent-A-Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136 (Alaska 1974). Once Weaver Brothers had satisfied this burden of proof, it was incumbent upon Brock

> to set forth specific facts showing that he could produce evidence reasonably tending to dispute or contradict movant's evidence and thus demonstrate that a material issue of fact exists. *Howarth v. First Nat'l Bank of Anchorage*, 540 P.2d 486, 489–90 (Alaska 1975), *aff'd on rehearing,*

---

**2.** In this regard Brumbaugh's second affidavit reads:

> 5. That in my capacity as vice president, and with the knowledge that I have concerning the corporate entities, I hereby state that AII, AIC, Weaver Brothers, Inc., and Alyeska had no right to control the loading operations during which the plaintiff received injury. Moreover, none of those corporations exercised actual control of any loading operation. AIA was entirely free to do the work in its own way. AII, Weaver Brothers, Inc., AIC, and Alyeska had no authority to direct operations or interfere with the work.
> 6. I know of the contracts which AIA had in the period in question and I hereby state there was no contract between AII, AIC, Weaver Brothers, Inc., or Alyeska and AIA which in any way gave any of those defendants the right to control or exercise control over the loading operations of AIA.
> 7. I have checked the equipment that was being utilized at the time of the loading operation. It was all equipment owned by AIA and in its exclusive care, custody and control.
> . . . .

> 9. These facts which I have stated are based on my own personal knowledge of the various corporations, and the operations conducted on the premises of AIA. The work was being performed on premises controlled by AIA. It was being done by AIA employees. AII, AIC, Weaver Brothers, Inc., and Alyeska had no right to control those operations and did not exercise actual control over those operations.

**3.** Civil Rule 56(e) provides in part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

**4.** *See* note 3 *supra.*

**5.** *See, e.g., National Indem. Co. v. Flesher*, 469 P.2d 360, 368 (Alaska 1970); *Alaska-Canadian Corp. v. Ancow Corp.*, 434 P.2d 534, 536–38 (Alaska 1967).

551 P.2d 934 (Alaska 1976). Mere assertions of fact in pleadings and memoranda are insufficient for denial of a motion for summary judgment. *Brock v. Roger & Babler, Inc.*, 536 P.2d 778, 782–83 (Alaska 1975); *Braund Inc. v. White*, 486 P.2d 50, 53–54 (Alaska 1971).[6]

Our review of the record has persuaded us that Brock failed in his opposition to set forth specific facts demonstrating the existence of a material issue of fact which would prevent the entry of summary judgment. Illustrative of this failure are the various points advanced in Brock's statement of genuine issues, all of which are cast in the following vein:

Whether defendants, or any of them, owned, operated, leased, or in any way exercised control over the equipment involved in the loading operation during which plaintiff was injured on December 19, 1977.

Examination of Brock's answers to interrogatories reveals a similar lack of factual specificity concerning the issue of Weaver Brothers' liability for the accident. In response to a request for a summary of the facts which he intended to use to establish Weaver Brothers' liability, Brock answered in part:

The equipment being used during the loading process was owned by AIA or one of the defendants .... I don't know exactly which defendant owned what equipment, but the procedure and/or equipment we had to use on the night I was hurt was not adequate for the job.

Also, one or more of the defendants had the responsibility for conducting

safety meetings and educating workers like myself to the safe and proper loading methods.

In answer to an inquiry directed to Brock's assertions that Weaver Brothers owned or controlled the equipment being utilized in the loading operation, Brock replied:

While I worked for AIA, it was apparent that AIA, AII, AIC and Weaver Brothers all seemed to pool their equipment. I don't know who actually owned what equipment ....

I do not remember which equipment was actually being used during the loading operation when I was hurt, but it could have belonged to any of the defendants or to AIA.

Based on the foregoing, we conclude that the superior court correctly determined that Weaver Brothers was entitled to summary judgment.[7]

One additional aspect of the appeal warrants discussion. Civil Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ One of the points urged by Brock for reversal in this appeal is that the superior court erroneously refused his request for additional time under Civil Rule 56(f).[8] Assuming that an unambiguous request for

---

6. *State Dep't of Highways v. Green*, 586 P.2d 595, 606 n.32 (Alaska 1978). *See also Totem Marine T. & B. v. Alyeska Pipeline Serv. Co.*, 584 P.2d 15 (Alaska 1978); *McKean v. Hammond*, 445 P.2d 679 (Alaska 1968).

7. Implicit in our holding is the conclusion that the superior court did not apply an incorrect test in ruling on the merits of the summary judgment motion.

The superior court, in deciding the motion, stated it was granting the motion on "[t]he grounds that there's no evidence to show that it shouldn't be granted, absolutely none, and no request for discovery pending." In our view, the superior court correctly analyzed the issues

in light of the fact that Weaver Brothers had met its burden of proving the absence of any genuine issues as to material fact and that it was thus entitled to summary judgment as a matter of law.

8. This was part of Brock's more general argument that summary judgment was inappropriate since he had not had sufficient time to undertake proper discovery and thus was not in a position to properly oppose the summary judgment motion. Brock further argued that he had just received AII's answers to interrogatories which he had propounded.

additional time was made pursuant to Civil Rule 56(f), we conclude that the superior court did not abuse its discretion in denying the same. At the time of the superior court's resolution of the summary judgment motion, approximately three years had elapsed since the accident. During this entire period, no discovery as to Weaver Brothers had been undertaken by Brock. The only outstanding discovery request at the time the motion was argued was Brock's interrogatories directed to AII. In such circumstances, the denial of a continuance under Civil Rule 56(f) was not error.[9]

AFFIRMED.

**9.** Concerning the continuance issue, the record contains the following exchange between Brock's counsel and the superior court at the hearing on the motion for summary judgment:

THE COURT: I'll give you 60 days to use the interrogatories that have been filed on behalf of AII to develop admissible evidence, and if you show that the interrogatories also relate to AIC and Weaver Brothers I'll give you the same 60 days in regards to them.

MISS MINOR: Your Honor, would you repeat that again, please? You're granting the Plaintiff 60 days to develop admissible evidence to supplement our opposition to the motion for summary judgment as to all parties, that would be AII, AIC and Weaver Brothers, is that correct?

THE COURT: No, it's not correct. It is correct if by Friday you can show me that interrogatories and request for admissions were proferred to AIC and Weaver Brothers. If you can't, then summary judgment is granted as to those two defendants.

Prior to this exchange, counsel for the movant argued that Brock's interrogatories were directed only to AII. Thereafter, the superior court remarked, "Well, if there's no interrogatories as far as Alaska International Construction and Weaver Brothers are concerned, the judgment is certainly appropriate."