Michael BROCK, Appellant,

v.

ALASKA INTERNATIONAL INDUSTRIES, INC., Appellee.

No. 5946.

Supreme Court of Alaska.

May 21, 1982.

Michelle V. Minor, Anchorage, for appellant.

Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

OPINION

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

PER CURIAM.

This is the second of three appeals before the court concerning an on-the-job injury to Michael Brock, an employee of Alaska International Air [AIA].[1] Brock was injured while loading lengths of pipe onto a skid for transport by AIA. Brock's complaint named thirteen defendants, among them Alaska International Industries, Inc. [AII], the parent corporation of AIA. Brock alleged liability on AII's part on grounds of "negligence of one or more of the defendants and/or of their employees or agents."[2]

AII and two subsidiary corporations, Weaver Brothers, Inc. [Weaver Brothers] and Alaska International Construction, Inc. [AIC], moved for summary judgment.[3] The motions were supported by affidavits by AIA vice-president Ralph Brumbaugh. Brumbaugh's affidavits set forth facts allegedly establishing that AII, AIC, and Weaver Brothers had no liability.[4]

In *Brock v. Weaver Brothers, Inc.*, 640 P.2d 833, 835–36 (Alaska 1982), we concluded that the factual statements in Brumbaugh's affidavits were sufficient to satisfy Weaver Brothers's burden of establishing that there was no genuine issue of material fact as to its liability for Brock's injuries and that Weaver Brothers was entitled to summary judgment.

Since Brock's allegations as to AII's and Weaver Brothers's liability are similar, and since Brumbaugh's affidavits make the same showing as to AII that was made as to Weaver Brothers, it follows that AII's right to summary judgment was also supported by these affidavits.[5]

---

1. The others are *Brock v. Weaver Brothers, Inc.*, 640 P.2d 833 (Alaska 1982), and *Brock v. State*, No. 6213 (appeal filed August 3, 1981).

2. Brock's complaint also alleges various specific grounds of recovery against certain other named defendant, but as to AII, this was the only claim asserted.

3. Alyeska Pipeline Service Company joined in the motion, but is not involved in either of the other cases.

4. Brumbaugh's second affidavit reads in relevant part:
   5. That in my capacity as vice president, and with the knowledge that I have concerning the corporate entities, I hereby state that AII, AIC, Weaver Brothers, Inc., and Alyeska had no right to control the loading operations during which the plaintiff received injury. Moreover, none of those corporations exercised actual control of any loading operation. AII was entirely free to do the work in its own way. AII, Weaver Brothers, Inc., AIC, and Alyeska had no authority to direct operations or interfere with the work.
   6. I know of the contract which AIA had in the period in question and I hereby state there was no contract between AII, AIC, Weaver Brothers, Inc., or Alyeska and AIA which in any way gave any of those defendants the right to control or exercise control over the loading operations of AIA.
   7. I have checked the equipment that was being utilized at the time of the loading operation. It was all equipment owned by AIA and in its exclusive care, custody and control.
   . . . .
   9. These facts which I have stated are based on my own personal knowledge of the various corporations, and the operations conducted on the premises of AIA. The work was being performed on premises controlled by AIA. It was being done by AIA employees. AII, AIC, Weaver Brothers, Inc., and Alyeska had no right to control those operations and did not exercise actual control over those operations.

5. In *Brock v. Weaver Brothers*, 640 P.2d 833, 836 n.7 (Alaska 1982) we rejected Brock's argument that Judge Blair applied an erroneous test for summary judgment and that Brumbaugh's affidavit was insufficient to establish a lack of liability. It is therefore unnecessary to reconsider at length the same argument in this case.
   Brock argues in this case that Brumbaugh's credibility was put in issue. This is wrong. Brock simply said he though Brumbaugh was not trustworthy or was shading the facts. There was, however, no specific factual showing impeaching credibility. *See Miller v. City of Fairbanks*, 509 P.2d 826 (Alaska 1973); *Wilson v. Pollet*, 416 P.2d 381 (Alaska 1966).

■ Judge Blair, however, granted Brock additional time for discovery as to AII. After considering the additional evidence submitted by Brock as to AII, he granted summary judgment as to AII. We now consider whether the total evidence presented was sufficient to create a question of fact precluding summary judgment.[6]

■ Brock's theory of liability is that AII assumed a duty to provide for the safety of AIA's employees and that it breached this duty. "Ample evidence exists in the record," he asserts, "substantiating [the] claim that Alaska International Industries not only outlined company safety policy but implemented that policy as well."[7] Brock takes the further position that the corporate interconnection between AII and AIA supports his theory.

A review of applicable decisions leads us to the conclusion that Brock's showing is insufficient to create an issue of fact regarding whether AII assumed safety duties, or retained control as to employees of AIA. In these cases, we held that liability could be imposed on a party that had undertaken specifically to safeguard, or to inspect, the particular procedures, or areas, in which the injury occurred, or had generally undertaken overall obligations of this nature.[8] Here the record is devoid of any showing that AII assumed a duty to provide for the safety of AIA cargo handlers. That AII had a corporate policy of enforcing safety rules and that it managed certain unrelated safety programs does not warrant a conclusion that it undertook to oversee AIA's safety programs in general, or cargo handling in particular.[9] We therefore conclude that the superior court properly entered summary judgment on behalf of AII.[10]

6. In reviewing the grant of a motion for summary judgment, we must determine whether there was a genuine issue of material fact and whether the moving party was entitled to judgment on the law applicable to the established facts. *Wickwire v. McFadden*, 576 P.2d 986 (Alaska 1978); *Alaska Rent-A-Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136 (Alaska 1974).

7. The portions of the record referred to in support of this argument include the following:
   1. A statement that it is the corporate policy of AII and its subsidiaries to make safety a prime consideration, and that all employees must obey safety rules.
   2. A contract between AII, as agent for AIA and Weaver Brothers, concerning fire extinguisher maintenance.
   3. Various memoranda by AII's loss control manager indicating that AII undertook several safety enhancement programs on behalf of its subsidiaries, including driver training for Weaver Brothers and first aid classes for AIA employees, and miscellaneous other programs.
   4. A memorandum by an AII executive, written in response to Brock's accident, re-emphasizing the need for AIA to work on safety.

8. *State v. Jennings*, 555 P.2d 248 (Alaska 1976); *Adams v. State*, 555 P.2d 235 (Alaska 1976). Cf. *Everette v. Alyeska Pipeline Serv. Co.*, 614 P.2d 1341 (Alaska 1980); *Hammond v. Bechtel, Inc.*, 606 P.2d 1269 (Alaska 1980) (general contractor who retains control over work entrusted to independent contractor may be liable for physical harm caused by independent contractor). Although *Everette* and *Bechtel* involved the liability of an employer of an independent contractor under Restatement (Second) of Torts § 414 (1967) and are not directly applicable to this case, we think the issue involved is analytically similar.

9. In *Hammond v. Bechtel, Inc.*, 606 P.2d 1269, 1275 (Alaska 1980), we stated:
   In order [to impose liability], the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress of to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such retention of a right of supervision that the contractor is not entirely free to do the work in his own way.
   We conclude that Brock's affidavit was insufficient to create a factual issue as to AII's liability under this or any other theory.

10. Brock asserts in his reply brief for the first time that AII should be held liable simply on the basis of its status as a parent corporation. We have recognized that a parent corporation may be held liable for the conduct of its subsidiary where the parent uses the corporate form for a fraudulent or ciminal purpose, or where the subsidiary is a mere instrument of the parent. *Jackson v. General Elec. Co.*, 514 P.2d 1170, 1172–73 (Alaska 1973). This issue was

The judgment is Affirmed.[11]

not raised in the points on appeal, however, and we therefore decline to reach it. *See Ferriss v. Texaco, Inc.*, 599 P.2d 161, 166 (Alaska 1979).

11. In his appeal, Brock also attacks the superior court's award of attorney's fees. We find no abuse of discretion by the superior court in its award of attorney's fees to AII.