Bruce L. MATTOX, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel., Megan NEESON and Christopher Neeson, Appellees.

Bruce L. MATTOX, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel., Rochelle RATLIFF, Appellee.

Nos. S-5226, S-5227.

Supreme Court of Alaska.

June 17, 1994.

---

Ernest Z. Rehbock, Rehbock & Rehbock, Anchorage, for appellant.

Mary A. Gilson, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellees.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

In these paternity actions the trial court granted summary judgment in favor of the State, establishing that Bruce L. Mattox is the biological father of three children. Although evidence conflicted significantly as to whether Bruce or his brother Richard was the father of the children, the court granted summary judgment based on paternity evaluation reports which tested the DNA of the mother, the children, and Bruce and Richard. The reports of these tests concluded that, as to Bruce, the probability of paternity was 99.99% as compared to an untested random male of the North American caucasian population, while Richard was excluded as the biological father of the children.

 We reverse. The proffered DNA reports were not accompanied by authenticating affidavits. No sworn testimony was offered that the tests reflected by the reports were scientifically accepted, or that procedures necessary to make the tests valid were followed. Authentication is a requirement generally applicable to documentary evidence, Alaska R.Evid. 901, with exceptions not here relevant. Alaska R.Evid. 902. General scientific acceptance is a statutory requirement for the admissibility of technical tests in paternity cases, AS 25.20.050(d), (e),[1] as well as a common law requirement for scientific evidence where no statute governs. *Contreras v. State,* 718 P.2d 129, 135–36 (Alaska 1986); *Pulakis v. State,* 476 P.2d 474 (Alaska 1970) (adopting test of *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923)).[2] In

---

1. AS 25.20.050 states in pertinent part:

 (d) The results of a blood test, tissue-type test, protein comparison, or other scientifically accepted procedure shall be admitted and weighed in conjunction with other evidence in determining the statistical probability that the putative parent is a legal parent of the child in question. However, a scientifically accepted procedure that establishes a probability of parentage at 95 percent or higher creates a presumption of parentage that may be rebutted only by clear and convincing evidence.

 (e) On request of a party in an action in which paternity is contested and to which the state is a party, the court shall order the mother, the child, and the putative father to submit to a blood test, tissue-type test, protein comparison, or other scientifically accepted procedure designed to determine the statistical probability that the putative parent is a legal parent of the child in question.

2. *But see Daubert v. Merrell Dow Pharm., Inc.,* —— U.S. ——, ——, 113 S.Ct. 2786, 2793, 125 L.Ed.2d 469 (1993) (holding that the Federal Rules of Evidence supersede the *Frye* test regarding admissibility of scientific evidence).

DNA tests, as in other scientific tests, assuming general scientific acceptance, set procedures must be followed to ensure the validity of the tests. Compliance with these procedures must be shown. *See, e.g., United States v. Two Bulls,* 918 F.2d 56 (8th Cir. 1990) (reversible error for the trial court to determine the admissibility of DNA evidence without determining whether the testing procedures were properly performed); *State v. Schwartz,* 447 N.W.2d 422 (Minn.1989) (DNA evidence is generally admissible under the *Frye* test, but results here excluded because lab did not comply with established protocol); *People v. Castro,* 144 Misc.2d 956, 545 N.Y.S.2d 985 (1989) (although DNA evidence met *Frye,* evidence excluded because the lab failed to follow accepted scientific techniques); *Barbara A. v. Gerard J.,* 146 Misc.2d 1001, 553 N.Y.S.2d 638 (Fam.Ct. 1990) (DNA test results excluded because the particular test was tainted). *See also Keel v. State,* 609 P.2d 555 (Alaska 1980) (breath test improperly admitted because state did not establish that calibration was performed by an "instructor" as required by protocol adopted by regulation).

 The party who moves for summary judgment must establish that there are no genuine issues of material fact. *Weaver Bros., Inc. v. Chappel,* 684 P.2d 123, 126 (Alaska 1984); *State, Dep't of Highways v. Green,* 586 P.2d 595, 606 n. 32 (Alaska 1978); *Wickwire v. McFadden,* 576 P.2d 986, 987 (Alaska 1978). As the State did not meet this burden in these cases, the judgments are REVERSED and these cases are RE-MANDED for further proceedings.[3]

---

3. As the other points raised by the appellant depend in whole or in part on the admissibility and validity of the test reports, we consider them moot for the purposes of this appeal.