Baxter K. GAMBLE and Yang-Cha Gamble, Appellants and Cross–Appellees,

v.

NORTHSTORE PARTNERSHIP, Appellee and Cross–Appellant.

No. S–6489/6969.

Supreme Court of Alaska.

Dec. 8, 1995.

Partial Rehearing Denied Jan. 5, 1995.

Albert Maffei and Jeri D. Byers, Maffei, Inc., Anchorage, for Appellants and Cross–Appellees.

Robert H. Hume, Jr., Copeland, Landye, Bennett and Wolf, Anchorage, for Appellee and Cross–Appellant.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MOORE, Chief Justice.

### I. INTRODUCTION

Baxter and Yang–Cha Gamble sued Northstore Partnership (Northstore) for reformation of a recorded grant of easement. The trial court entered summary judgment in favor of Northstore, concluding that the Gambles were not entitled to relief.

The Gambles appeal, arguing that Northstore's motion for summary judgment relied upon affirmative defenses which were not specifically pled as required by Alaska Civil Rule 8(c), and therefore, the defenses were waived. In the alternative, the Gambles contend that the trial court should have granted them additional time for discovery.

We hold that the trial court erred in not granting the Gambles additional time under Civil Rule 56(f) to respond to the affirmative defenses raised in Northstore's summary judgment motion. We therefore reverse and remand.

### II. FACTS AND PROCEEDINGS

This case arises from a purported grant of easement between the Small Business Administration (SBA) and Walter and Lorraine Cruikshank d/b/a Marathon Company (Marathon), adjoining property owners and predecessors in interest to the Gambles and Northstore respectively.

The easement at issue originated in 1986, when Northstore expressed interest in obtaining a busy street-corner property owned by Marathon for the purpose of constructing a 7–Eleven convenience store and gas station. According to Northstore, it believed that such a store would be viable only if the property had vehicle access to a curb cut

partially extending onto an adjoining lot owned by SBA. Northstore purchased the corner lot after Marathon recorded an easement agreement that it purportedly entered into with SBA, providing for mutual rights of ingress and egress across both properties. Approximately three years later, SBA quitclaimed the adjoining lot to· the Gambles.

The Gambles first learned of the recorded easement after they purchased the property. When the Gambles discovered that an easement had been recorded on their property, they filed a sworn statement of loss with their title insurer and sued the company for its failure to disclose the encumbrance and for its refusal to respond to their claim. The insurer settled for $50,000.

At approximately the same time, the Gambles discovered what they believed to be a material discrepancy between a version of the easement first executed by SBA and the version ultimately executed and recorded by Marathon. Both versions initially appear identical and contain two signature lines at the bottom of the document. However, the first document, executed only by SBA in April 1986, stated that the easement was for use of "that portion of the grantor's parcel as cross-hatched on Exhibit A." The separate document bearing SBA's April 1986 signature and executed and recorded by Marathon in August 1986 stated that the easement was for use of "that portion of the grantor's parcel as cross-hatched on Exhibit A–1 & A–2." According to the Gambles, Exhibits A–1 and A–2 provide for a substantially larger easement than was agreed to by SBA.

In January 1993 the Gambles sued Northstore for reformation of the recorded easement. Asserting that the instrument had been unilaterally altered without SBA's consent, the Gambles requested that Exhibit A from the April 1986 instrument be substituted for Exhibits A–1 and A–2. A trial date was set for May 31, 1994, with discovery to close approximately six weeks before, on April 19.

Six days before the close of discovery and one and one-half months before trial, North-

store moved for summary judgment. Northstore raised three independent grounds to justify summary judgment dismissal: (1) reformation could not be sustained against Northstore, a bona fide purchaser for value; (2) in conducting a prior suit against their title insurer, the couple "affirmed" the validity of the recorded easement; and (3) because the Gambles held the property by quitclaim deed, they were barred from seeking to correct defects in the easement.

When counsel for the Gambles telephoned Northstore and complained that the motion raised affirmative defenses not set out in the pleadings, Northstore moved to amend its answer. The Gambles opposed both the summary judgment motion and the motion to amend, arguing that Northstore's new defenses should be deemed waived.

Following oral argument, the trial court granted summary judgment in favor of Northstore. The court first found that although Northstore's bona fide purchaser defense had not been specifically set forth in the pleadings, the facts supporting that theory were present. The court also found that with regard to the defense of affirmance, the facts as well as the theory itself had been available to the Gambles from the outset. The court granted Northstore judgment on these two grounds.[1] It noted that although the "real issue" was whether the Gambles had possessed enough time to oppose the summary judgment motion, a discovery extension was inappropriate because the Gambles had failed to make a specific request for relief under Alaska Civil Rule 56(f).

This appeal followed.

III. *DISCUSSION*

 This case concerns the Gambles' attempt to reform a recorded grant of easement to conform to what the Gambles believe is the only easement agreement entered into by their predecessor in interest, SBA, with Northstore's predecessor in interest, Mara-

---

1. The trial court rejected Northstore's third argument for summary judgment, namely that Northstore was entitled to summary judgment because the Gambles took the property by quitclaim deed. Northstore did not cross-appeal the trial court's ruling on this issue, and we do not address it.

thon.[2] The trial court granted summary judgment in favor of Northstore on the basis of two defenses: bona fide purchaser and affirmance.

We must determine the merit of the Gambles' contention on appeal that, due to improper pleading, Northstore waived each defense. We conclude that both defenses were properly raised. However, we agree with the Gambles' alternative argument that because the trial court did not grant the Gambles a continuance with which to undertake additional discovery, the Gambles have not had a sufficient opportunity to meet Northstore's defenses head on.

## A. Affirmative Defenses Are Specifically Pleaded or Waived

Alaska Civil Rule 8(c) requires that certain specific defenses, as well as "any other matter constituting an avoidance or affirmative defense" be specifically set forth in the pleadings. The purpose of the pleading requirements of Rule 8(c) is to give the plaintiff sufficient notice of her opponent's defenses so that she may enable herself to adequately prepare for trial. *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 295 (Alaska 1976); *see also Blonder-Tongue Labs. v. University of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). Failure to so plead can result in waiver of the defense. *Morrow*, 548 P.2d at 295; *Rollins v. Leibold*, 512 P.2d 937, 940 (Alaska 1973); *see generally* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278, at 477 (1990) (analyzing parallel federal rule).

In its brief, Northstore concedes that the defenses of bona fide purchaser and affirmance, though not specifically listed in Rule 8(c), *are* affirmative defenses. Therefore, the question presented is not whether the basic pleading requirements of Rule 8(c) ap-

ply, but whether Northstore satisfied the rule's conditions.

### 1. Northstore's pleadings

Northstore's February 1993 answer, under the heading "Affirmative Defenses," stated:

1. Plaintiffs are barred by estoppel.
2. Plaintiffs are barred by laches.
3. Plaintiffs are barred by license.
4. Plaintiffs are barred by res judicata.
5. Plaintiffs are barred by accord and satisfaction.
6. Plaintiffs are barred by statute of limitations.
7. Defendant reserves the right to assert additional defenses as may be determined during the course of discovery.

The Gambles contend that Northstore first raised the additional affirmative defenses of bona fide purchaser and affirmance in its April 1994 motion for summary judgment. Northstore argues that despite its failure to specifically list the two defenses in its answer, the trial court correctly concluded that the answer provided the Gambles with adequate notice.

Northstore first asserts that the "essential aspects" of the bona fide purchaser defense were set forth in its answer. Northstore explains that in response to the Gambles' factual allegation in the complaint that "NORTHSTORE ... purchased their property from [the] Cruikshank[s]", Northstore answered: "Deny. Defendant *bought* the property from Marathon Company...." (emphasis added). In addition, in response to the Gambles' allegation that the easement agreement was "unilaterally altered and changed, and then executed by the Cruikshanks," Northstore responded: "Defendant is without knowledge or information sufficient to form a belief as to the truth of the ... averment, and therefore denies it." From these statements, Northstore con-

---

2. Reformation is an equitable remedy used to make a written contract "express the bargain which the parties desired to put in writing." *Durkee v. Busk*, 355 P.2d 588, 591 (Alaska 1960). The remedy is reserved for cases in which, through mutual mistake or its equivalent, the writing does not conform to the parties' clear intent. *Oaksmith v. Brusich*, 774 P.2d 191, 197

(Alaska 1989); *Riley v. Northern Commercial Co.*, 648 P.2d 961, 969 (Alaska 1982). The equivalent of mutual mistake is present when one party executes a document knowing that the writing does not accurately reflect what was intended. *Riley*, 648 P.2d at 969 (citing *Straight v. Hill*, 622 P.2d 425, 428 (Alaska 1981)).

cludes that its answer "alleged that it was an innocent purchaser for value acting in good faith, *i.e.*, a bona fide purchaser."

Northstore also points to specific language in the answer that it considers sufficient to have raised the defense of affirmance. Northstore contends that affirmance is a species of estoppel, a defense which was specifically set forth in the answer. Northstore further argues that the answer affirmatively raised the defense of res judicata, a theory which "can have no other reference" than to the Gambles' prior suit against its title insurer. Northstore contends that under Alaska's "notice pleading" rules, the above references to each defense should be considered sufficient.

■ We have stated in the past that pleadings are to be liberally construed, with the goal being to achieve substantial justice. *Knight v. American Guard & Alert, Inc.*, 714 P.2d 788, 791 (Alaska 1986); *Martin v. Mears*, 602 P.2d 421, 427 (Alaska 1979); *Schaible v. Fairbanks Medical & Surgical Clinic, Inc.*, 531 P.2d 1252, 1255–56 (Alaska 1975). The standards governing the pleading of affirmative defenses under Rule 8(c) are no different than the liberal approach taken for all pleadings. *See* Alaska R.Civ.P. 8(e) ("Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required."); Wright & Miller, *supra*, § 1274, at 455. An affirmative defense is adequately pleaded if it provides the opponent fair notice of the nature of the defense. *See Rollins*, 512 P.2d at 941; *c.f. Lumbermens Mut. Casualty Co. v. Continental Casualty Co.*, 387 P.2d 104, 111 (Alaska 1963) (observing that "[g]eneral pleading" of defenses is permissible under theory that pretrial procedure will result in full development of the issues). Although courts will give the pleadings a liberal construction, it is important to note that "such liberal construction does not permit the pleader to unreasonably catch an unwary litigant; and such liberality of construction must be circumscribed by the plain require-

ments of the rules." *Lopez v. United States Fidelity & Guar. Co.*, 15 Alaska 633, 637, 18 F.R.D. 59 (1955). Because this court is in virtually the same position as the trial court in its ability to assess the adequacy of the pleadings, we review Northstore's pleadings de novo. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

Turning first to Northstore's affirmance defense,[3] the Gambles argue that the specifically-pled defenses of "estoppel" and "res judicata" have prescribed meanings that are clearly not synonymous with "affirmance." We agree. However, we observe that in practice, the rarely-used doctrine of affirmance is not clearly understood and is often closely associated with estoppel and res judicata, as well as the related doctrines of ratification, election of remedies, and acceptance of benefits. *See, e.g.*, 28 Am.Jur.2d *Estoppel and Waiver* § 59 (1966) ("Estoppel is frequently based upon the acceptance and retention, by one having knowledge or notice of the facts, of benefits from a transaction, contract, [or] instrument ... which he might have rejected or contested."); P.V. Smith, Annotation, *Doctrine of Election of Remedies as Applicable Where Remedies Are Pursued Against Different Persons*, 116 A.L.R. 601, 601–02 (1938) ("The doctrine of election of remedies is closely related to, and sometimes not distinguished from, other principles of law and equity, such as ... res judicata, ... ratification, and estoppel. In fact, the doctrine of election of remedies has been frequently regarded as an application of the law of estoppel."); *but see* 28 Am.Jur.2d *Estoppel and Waiver* § 31 (1966) ("While both acquiescence and ratification are frequently spoken of as estoppel, strictly speaking neither can be more than a part of an estoppel. An estoppel is a legal consequence....").

■ We believe that although the parties agree that affirmance constitutes an affirmative defense for the purpose of Rule 8(c), the fair notice requirements of Rule 8 are not so stringent as to require Northstore

---

**3.** The Restatement (Second) of Restitution defines the act of affirmance as "an election by a party having the power of avoidance to treat a voidable transaction as valid." Restatement (Second) of Restitution § 68(1) cmt. a (1937).

The Restatement further explains that "[t]he affirmance of a voidable transaction by a person who, and who alone, can avoid it because of fraud or mistake terminates his right to restitution." *Id.* at § 68.

to hone the details of its defense at such an early stage of the litigation. *See* 6 James W. Moore et. al., *Moore's Federal Practice* § 56.02[2], at 24 (2d ed.1995) ("Pleadings need do little more than indicate generally the type of litigation that is involved so that both plaintiff and defendant may have fair notice of the claim and its defense."). Northstore specifically pleaded defenses which, although not synonymous with "affirmance," invoke some of the same concerns in more general terms. We deem the pleadings at issue here sufficient to raise the defense of "affirmance." Any difficulty the Gambles experienced in understanding the nature of this defense could have been remedied by requesting, through discovery, a more particular basis for the defenses which were specifically pled.

■ We are less persuaded by the trial court's reading of Northstore's pleadings with regard to the bona fide purchaser defense. Unlike the affirmance defense, none of the affirmative defenses listed in Northstore's answer even hint at the defense of innocent purchaser. Moreover, the two factual averments that Northstore identifies from its answer as embodying the essential aspects of the theory fall far short of the "simple, concise and direct" approach required by Rule 8(e). The first assertion, that Northstore "bought" the property, is obscured in a provision which essentially clarifies the identity of the vendor of Northstore's lot. The second assertion, in which Northstore stated that it was "without knowledge or information sufficient to form a belief as to the truth" of whether the easement was unilaterally altered, cannot reasonably be equated with an averment that Northstore acquired the property innocently and in good faith.

■ In so pleading, Northstore employed the practice described in Civil Rule 8(b), which allows a party to respond to an averment by stating that it lacks sufficient information to affirm or deny the allegation; the rule provides that such a statement shall be treated as a denial. Alaska R.Civ.P. 8(b). The provision allows a party who either lacks knowledge of the substance of the allegation or, for whatever reason, is *unable to ascer-*

*tain whether the allegation is true at that time* to deny in good faith the adverse party's assertion. 2A James W. Moore et. al., *supra*, § 8.22, at 148. Such a pleading does not convey to one's opponent that at *a specific point in the past,* one lacked, in good faith, any knowledge of the facts asserted. A Rule 8(b) denial for lack of knowledge is simply not the sort of affirmative pleading which Rule 8(c) minimally demands. Therefore, we initially conclude that although Northstore's answer gave the Gambles fair notice of the affirmance defense, it did not sufficiently indicate Northstore's intent to rely upon the defense of bona fide purchaser.

2. *Northstore's motion for summary judgment*

When a litigant fails to comply with Rule 8(c) by failing to plead in the answer the affirmative defenses which it intends to invoke, exceptions exist which can allow the error to be cured and prevent waiver. Because we ultimately remand this case for further proceedings, we choose to address here whether, despite its failure to give fair notice of the bona fide purchaser defense in the answer, Northstore nonetheless successfully raised this defense.

■ Alaska follows the widely-used approach which, if undue prejudice would not be visited upon the opposing party, allows a litigant to raise new affirmative defenses "at any time" through a motion for summary judgment. *Blake v. Gilbert,* 702 P.2d 631, 639 (Alaska 1985) (affirming trial court's decision to allow reliance on statute of limitations defense first raised in post-answer motion for summary judgment where no prejudice resulted from defendant's delay); *see also Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993); *Healy Tibbitts Constr. Co. v. Insurance Co. of N. Am.,* 679 F.2d 803, 804 (9th Cir.1982). This practice was born out of the general preference underlying the Civil Rules that decisions be made on the merits rather than on pleading technicalities, and in recognition of the fact that Civil Rule 15 allows for liberal amendment of the pleadings. *See* 6 James W. Moore et. al., *supra,* § 56.17[4], at 380. Before this exception to the waiver rule applies, however, we must

determine whether Northstore's attempt to rely upon the bona fide purchaser defense through its motion for summary judgment unduly prejudiced the Gambles.

The Gambles have continually complained that they were prejudiced by Northstore's delay. The Gambles claim that because they relied upon Northstore's answer, the bona fide purchaser defense was totally unanticipated, and with discovery closed and one month remaining before trial, they had insufficient time and opportunity to prepare a response.

■ Whether a litigant is unduly prejudiced by an opponent's post-answer attempt to obtain summary judgment on the basis of an affirmative defense not set forth in the pleadings is an inquiry invoking virtually the same concerns as a motion to amend the pleadings with leave of court.[4] *See* Alaska R.Civ.P. 15(a). In *Estate of Thompson v. Mercedes–Benz, Inc.,* 514 P.2d 1269 (Alaska 1973), we reviewed a pre-trial request to amend the complaint, observing that although such relief is to be " 'freely given,' " the court must consider whether the opposing party would be prejudiced. *Id.* at 1271 (quoting Alaska R.Civ.P. 15(a)). We noted that several factors may bear upon a finding of prejudice, including "added expense, a more burdensome and lengthy trial, or if the issues being raised in the amendment are remote from the scope of the original case." *Id.*

In *Rutledge v. Alyeska Pipeline Service Co.,* 727 P.2d 1050 (Alaska 1986), we applied these factors, affirming a trial court's decision to deny a Rule 15(a) motion to amend because the potential for increased expense, burden of a more lengthy trial, and time constraints, brought on by a new claim "only tangentially related to [the] initial complaint," would have been too prejudicial to the opposing party. *Id.* at 1054–55. We reached a different but analogous result in *Wright v. Vickaryous,* 598 P.2d 490 (Alaska

1979), in which a plaintiff sought to amend the complaint to introduce a new legal theory which was based upon the "same conduct" as complained of in the initial pleading. *Id.* at 495. We were unpersuaded by the defendant's allegation of undue surprise because the new theory "did not widen the scope of the dispute." *Id.* Moreover, our opinion specifically advised that "the remedy for inadequate time to prepare on a new theory is a continuance, not preventing a trial on the merits of the new theory." *Id.* at 496.

■ We find the present case to be more akin to *Wright* than *Rutledge* and conclude that any hardship experienced by the Gambles does not outweigh Northstore's right to present, one month before trial, the additional defense that it was a bona fide purchaser. Given the general policies that legal disputes are to be decided on the merits and that leave to amend the pleadings is to be freely granted, and considering that the defense of bona fide purchaser is closely related to the facts presented in the complaint, it would be unjust to hold that the defense was waived.[5] Although it may have inconvenienced the Gambles to have been faced with a new defense theory only one month before trial and with discovery virtually over, such hardship was not undue. Under these circumstances, rather than claim waiver, a more appropriate remedy would have been for the Gambles to seek a continuance allowing for additional discovery.

We therefore conclude that with regard to both the affirmance and bona fide purchaser theories, the trial court did not err in refusing to find that Northstore waived its defenses.

B. *Continuance to Undertake Additional Discovery*

Alaska Civil Rule 56(f) allows a party opposing summary judgment to seek additional time to gather and submit evidence to justify

---

4. A post-answer motion for summary judgment which raises new affirmative defenses is functionally equivalent to a motion to amend the pleadings with leave of court plus a standard motion for summary judgment.

5. In reaching this conclusion we do not mean to imply that the bona fide purchaser defense would be valid if the deed proves to have been forged. As that point has not been briefed, we express no view concerning it.

the party's opposition.[6] In the present case, the trial court observed that although Rule 56(f) may be invoked simply by submitting an affidavit requesting additional time to oppose the motion, none was filed by the Gambles. As such, the court did not address what it termed "the real issue": whether the Gambles had possessed enough "time to come up with genuine factual issues to defeat summary judgment." The Gambles argue on appeal that not only did they make such a request, but that a Rule 56(f) continuance should have been granted. We agree.

Because the purpose of Rule 56(f) is to provide an additional safeguard against premature grants of summary judgment, we have held that requests made pursuant to Rule 56(f) should be "freely granted." *Munn v. Bristol Bay Housing Auth.*, 777 P.2d 188, 193 (Alaska 1989); *Jennings v. State*, 566 P.2d 1304, 1313 (Alaska 1977). We have emphasized, however, that a litigant seeking relief under Rule 56(f) must *"make it clear* to the trial court and the opposing party that he opposes the summary judgment motion on this ground." *Jennings*, 566 P.2d at 1313–14 (emphasis added) (holding that trial court did not abuse its discretion in denying Rule 56(f) relief where no affidavits were submitted and opposition to summary judgment motion made no mention of subsection (f)); *see also Munn*, 777 P.2d at 193 (reiterating clear request requirement of *Jennings*); *Brock v. Weaver Bros., Inc.*, 640 P.2d 833, 836–37 (Alaska 1982) ("Assuming that an unambiguous request for additional time was made pursuant to Civil Rule 56(f)....").

■ A request for Rule 56(f) relief need not state what specific facts further discovery will produce. *Munn*, 777 P.2d at 193. The request will generally be *granted* if the party provides adequate reasons explaining why the party cannot produce facts necessary to oppose summary judgment within the original time frame, and if the party has not been dilatory in his use of discovery. *Id.; see also Braun v. Alaska Commercial Fishing & Agric. Bank*, 816 P.2d 140, 145 (Alaska 1991) (affirming denial of request for Rule 56(f) relief where party was on notice of defense and was dilatory in not conducting discovery on that issue); *Brock*, 640 P.2d at 837 (holding same). We will reverse a Rule 56(f) decision on appeal only when it is evident that the trial court has abused its discretion. *Munn*, 777 P.2d at 192.

Northstore contends that denial of Rule 56(f) relief was appropriate because the Gambles failed to comply with the procedural requirements of the rule. Specifically, Northstore argues that the Gambles failed to file an unambiguous request for relief, that the Gambles "never expressed any desire to undertake further discovery," and that *after* oral argument, the trial court was the first to expressly mention subsection (f). Northstore further contends that even if the Gambles did make a proper request for Rule 56(f) relief, the request should be denied because the Gambles lacked a specific plan for further discovery and were dilatory in their efforts to use discovery.

■ We are unpersuaded by Northstore's view of the case. The Gambles submitted an Affidavit of Attorney in Opposition to the Motion to Amend and Motion for Summary Judgment which did not expressly mention Rule 56(f), but which clearly set forth the Gambles' desire and justification to undertake additional discovery. With regard to the bona fide purchaser defense,[7] the Gambles' attorney Albert Maffei affied:

This defense comes as a complete surprise to the plaintiffs. The plaintiffs did not prepare their case in light of that defense since it was not plead [sic].

Now the plaintiffs would be placed in great prejudice if the Motion To Amend

---

6. Rule 56(f) provides:
 **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

7. The Gambles did not specifically address the affirmance defense, presumably because at that time, Northstore's motion to amend was limited to adding the bona fide purchaser defense.

were granted. The time for trial is approximately one month from this date. The dates for discovery and for filing motions have expired and plaintiffs are now at a great disadvantage since they did not seek to discover any of the factual matters which might be used in opposition to the defense of bona fide purchaser for value without notice of defects.

He continued, "If the Court allows the Motion to Amend, *it is obvious that plaintiffs must proceed with further extensive discovery.*" (emphasis added). Maffei reiterated during oral argument: "In order to oppose the motion or the defense, if you allow it to be pled, we have to go back and start doing some more deposition and discovery."

The affidavit also named two persons whom the Gambles desired to depose: John Niemeyer, Northstore's managing partner; and Ken Klein, an agent for Northstore who handled the sale of the subject property. At oral argument, Maffei stated that the Gambles also wished to depose Ken Kutil, a real estate agent who may have represented Northstore and Marathon jointly.

We conclude that the Gambles' actions satisfied the requirement that a party seeking Rule 56(f) relief must make an "unambiguous request." *Brock*, 640 P.2d at 836–37. The Gambles' attorney submitted an affidavit stating that if the court were to reject their waiver argument, the Gambles would require additional discovery; the affidavit further explained that the reason the Gambles required additional time to oppose the motion was their surprise when Northstore raised an unanticipated affirmative defense. Although the Gambles were not required to specify what additional facts they hoped to discover, *Munn*, 777 P.2d at 193, they nevertheless identified specific people whom they hoped to depose.

The trial court should have understood that in making these statements, the Gambles were not simply lending additional support to their waiver argument. That the trial court actually realized that an alternative request for a continuance was being made is evident from Judge Reese's comment that "the real issue" was not whether the defenses were waived, but whether the

Gambles had possessed enough "time to come up with genuine factual issues to defeat summary judgment." The trial court may have determined that a party requesting a continuance for the purpose of opposing summary judgment must specifically mention Rule 56(f) or must file a separate motion. However, we have never read either requirement into the rule. *See, e.g.,* Alaska R.Civ.P. 56(f) ("Should it *appear from the affidavits* of a party opposing the motion. . . .") (emphasis added); *Jennings*, 566 P.2d at 1313–14 (holding that request for Rule 56(f) relief was properly denied where no mention was made of subsection (f) *and* party failed to submit *any* affidavits in opposition to summary judgment); 10A Wright & Miller, *supra*, § 2740, at 531 (explaining that Federal Rules 56(e) and (f) are meant to be complementary, in that opposing party must either submit affidavits to establish genuine issue for trial under subsection (e) or explain why he cannot yet do so under subsection (f)).

Thus, we conclude that the Gambles made an unambiguous request for a continuance with which to undertake additional discovery. We further conclude that Rule 56(f) relief was warranted. There is no evidence that the Gambles were dilatory in their use of discovery. As explained in part III.A. *supra*, Northstore did not provide the Gambles fair notice of the bona fide purchaser defense until it moved for summary judgment. Therefore, it would be unfair to penalize the Gambles for failing to conduct sufficient discovery on that issue. Moreover, although we conclude in part III.A.1. that the affirmance defense was adequately raised in the answer, given the lack of precision of Northstore's pleadings, the Gambles' failure to isolate the specific theory of affirmance cannot be viewed as conclusive evidence of a lack of diligence on their part.

Because we believe that the Gambles complied with the procedural requirements of Rule 56(f) and were not dilatory in their use of discovery, and in light of our previous holdings that "requests made pursuant to Rule 56(f) should be freely granted," *Jennings*, 566 P.2d at 1313, we conclude that the trial court abused its discretion in not permitting the Gambles to undertake further

discovery in order to oppose Northstore's motion. We therefore reverse and remand for additional proceedings.[8]

## IV. CONCLUSION

For the foregoing reasons, we conclude that Northstore properly raised the defenses of bona fide purchaser and affirmance. However, because Northstore's pleadings lacked specificity, and because the Gambles made an unambiguous request for a continuance with which to undertake additional discovery, we conclude that the trial court abused its discretion in refusing to grant the Gambles additional time to oppose the summary judgment motion under Civil Rule 56(f). We therefore REVERSE the judgment in favor of Northstore and REMAND for additional proceedings consistent with this opinion.

---

8. In light of our decision to reverse the entry of summary judgment and remand for additional discovery, we hereby vacate the trial court's award of attorney's fees in favor of Northstore. We further decline to consider Northstore's cross-appeal pertaining to the fee award.