CARLTON, J.,
dissenting:
¶ 11. I respectfully dissent from the majority’s opinion. Because the pleadings reflect that the Mississippi Workers’ Compensation Act (MWCA) provided the sole remedy in this case, I would affirm the trial court’s dismissal pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.
¶ 12. The complaint reflects that Hosch, the deceased, was employed by a Mississippi corporation, Mueller Copper Tube Company, in Fulton, Mississippi, when he was killed by an explosion at work. Jerry Williams, the administrator of Hosch’s estate, sued both Mueller Copper and its parent corporation, Mueller Industries. As the majority notes, the complaint alleges that Mueller Copper “failed to provide Hosch with a safe working environment” and that the foreign parent corporation, Mueller Industries, “failed to supervise its subsidiary.” The averments of the pleadings are insufficient to avoid application of the exclusive statutory remedy provided by the MWCA.[3] The pleadings do not allege that Hosch worked for Mueller Industries, and the pleadings do not allege specific facts showing any independent acts engaged in by Mueller Industries to allegedly negligently or intentionally fail to supervise Hosch.[4]
¶ 13. As the pleadings reflect, Mueller Copper constitutes a corporation licensed to conduct business in Mississippi, and Mueller Industries, its parent corporation, *531 is a foreign corporation. The corporations constitute distinct corporate entities, and the pleadings show that Hosch was employed in Mississippi by Mueller Copper, not Mueller Industries, when the explosion occurred. Mississippi case law generally favors the concept that corporations are distinct and separate entities. See Buchanan v. Ameristar Casino Vicksburg Inc., 957 So.2d 969, 977 (¶ 27) (Miss.2007).
¶ 14. In the present case, Hosch’s estate failed to plead sufficient facts to show that Mueller Industries, the foreign parent corporation, acted as an alter ego of its Mississippi subsidiary corporation, Mueller Copper.[5] The pleadings also fail to allege sufficient facts to state an independent claim against Mueller Industries for failure to supervise. The pleadings fail to plead specific facts sufficient to state a claim for relief for an alleged failure to supervise the work environment of a distinct subsidiary corporation’s employees and to pierce the corporate veil. See Castillo v. MEK Constr. Inc., 741 So.2d 332, 342 (¶¶ 26-27) (Miss.Ct.App.1999) (affirming the trial court’s grant of summary judgment where the claimant failed to present sufficient facts to pierce the corporate veil).[6] Thus, Hosch’s estate failed to sufficiently aver facts to state a claim, independent from the MWCA’s exclusive remedy, for allegedly failing to supervise a subsidiary corporation.
¶ 15. The Mississippi Supreme Court, in its opinion in Buchanan, and this Court, in Castillo, both relied upon ten factors used by Mississippi federal courts when applying Mississippi law for alter-ego theories. See Buchanan, 957 So.2d at 976-77 (¶¶ 25-26); Castillo, 741 So.2d at 340 (¶ 20); see also Gammill v. Lincoln Life & Annuity Distrib. Inc., 200 F.Supp.2d 632, 635 (S.D.Miss.2001) (listing ten factors that are relevant when considering whether to pierce the corporate veil). “While these ten factors are instructive on the alter[-]ego theory, [Mississippi courts have] not adopted the factors as applied by the federal courts.” Buchanan, 957 So.2d at 977 (¶ 26). As the supreme court has previously held:
Mississippi case law generally favors maintaining corporate entities and avoiding attempts to pierce the corporate veil. Gray [v. Edgewater Landing Inc.], 541 So.2d [1044,] 1047 [(Miss.1989) ]. “[T]he cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders.” Id. at Í047 ...; see also [N. Am.] Plastics [ ] Inc. v. Inland Shoe [Mfg.] Co. [ ], 592 F.Supp. 875, 877 (N.D.Miss.1984). This rule applies “whether such shareholders are individuals or corporations.” [N. Am.] Plastics, 592 F.Supp. at 877.
*532 Buchanan, 957 So.2d at 977 (¶ 27); see also Johnson & Higgins of Miss. Inc. v. Comm’r of Ins. of Miss., 321 So.2d 281, 284 (Miss.1975) (“The general rule of law basic to the concept of the corporation is that the distinct corporate identity will be maintained unless to do so would subvert the ends of justice”).
¶ 16. The complaint in the present case clearly pleads Hosch’s status as an employee of the Mississippi corporation, Mueller Copper, and that Hosch was working within the course and scope of his employment for Mueller Copper when he was killed. See Miss.Code Ann. § 71-3-7 (Rev.2011); Miss.Code Ann. § 71-3-9 (Rev.2011). To establish liability against a parent corporation for the unsafe working conditions of a subsidiary corporation’s employees, it is not sufficient for a claimant to merely plead that a corporation is a parent corporation responsible for enforcing safety rules and working conditions. To impose liability, the claimant must allege, and the facts must show, that the parent corporation undertook “specifically to safeguard, or to inspect, the particular procedures, or areas, in which the injury occurred, or had generally undertaken overall obligations of this nature.” Brock v. Alaska Int’l Indus. Inc., 645 P.2d 188, 190 (Alaska 1982). See generally Buchanan, 957 So.2d at 979 (¶ 42).
¶ 17. The complaint in this case fails to set forth such facts. Instead, without asserting facts, the complaint asserts bare allegations against the parent corporation, Mueller Industries, for failing to supervise the work environment of the separate and distinct subsidiary corporation. Therefore, without resort to matters outside the pleadings, I would affirm the trial court’s dismissal since the pleadings fail to state a claim, independent from the MWCA’s exclusive remedy, and since the pleadings fail to plead sufficient facts to state a claim against Muller Industries, the separate and distinct parent corporation, by any piercing of the corporate veil. I therefore would affirm the trial court’s judgment.

. See Brock v. Alaska Int’l Indus. Inc., 645 P.2d 188, 190 (Alaska 1982). See generally Buchanan v. Ameristar Casino Vicksburg Inc., 957 So.2d 969, 979 (¶ 42) (Miss.2007) (discussing that a claimant must allege specific acts undertaken by the parent corporation).

. Additionally, the record reflects that Mueller Copper provided Hosch’s estate with $2,000 in workers' compensation benefits through Zurich American Insurance Company. Thus, Mueller Copper complied with the MWCA’s requirement of providing compensation in accordance with Mississippi Code Annotated section 71-3-9 (Rev.2011). The record further reflects that Hosch’s estate accepted this benefit payment. In my view, Mueller Copper and Mueller Industries argue that the MWCA constituted the exclusive remedy available in this case, and the instant claims raised by the estate are barred by the MWCA's exclusivity provision. See Wingerter v. Bhd. Prods. Inc., 822 So.2d 300, 303 (¶ 8) (Miss.Ct.App.2002) ("The claimant may not collect on the tort claim against his employer ... if the evidence shows that he is entitled to [workers'] compensation.”); Miss.Code Ann. § 71-3-9.

. See Buchanan, 957 So.2d at 980 (¶¶ 42-43) (finding that the claimant could not pierce the corporate veil in a suit against her employer, its workers’ compensation carrier, and the employer’s parent corporation because she failed to show that the employer’s parent corporation was the employer’s alter ego); but cf. Bacon v. DBI/SALA, 284 Neb. 579, 822 N.W.2d 14, 19 (2012) (liberally construing the Nebraska Workers' Compensation Act to give the claimant prompt relief and allow him to bring a negligence action against the employer’s parent corporation and to join the employer and its workers' compensation insurer).

. See also Saucier v. Biloxi Reg'l Med. Ctr., 708 So.2d 1351, 1354 (¶ 11) (Miss.1998) (“A motion for summary judgment is proper only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.” (citation omitted)); Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995) ("A fact is material if it tends to resolve any of the issues[] properly raised by the parties.” (citation and internal quotation marks omitted)); M.R.C.P. 56(c).