In the Matter of HOWARD INDUSTRIES, INC., a New Jersey Corporation, Hicol, Inc., an Ohio Corporation, and Himac, Inc., Hipax, Inc. and Hiflo, Inc., Texas Corporations, Debtors.

Bankruptcy No. 81–07175.

United States Bankruptcy Court,
D. New Jersey.

Feb. 14, 1985.

**6**

Allan M. Harris, Ravin, Zackin & Greenberg, Roseland, N.J., for debtors.

Louis Andreoli, pro se.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The above debtor in possession, Howard Industries, moves to reject, pursuant to 11 U.S.C. § 365, an alleged executory contract between the D.I.P. and one Louis Andreoli, a former employee. The contract, executed by the parties on May 31, 1977, contains, among others, the following provision:

Hicol, Inc. does further agree that, providing Andreoli remains employed by Hicol, Inc. the respective monthly salary will be increased by $1,000.00 commencing August, 1980. Howard Industries, Inc. and Hicol, Inc. do hereby mutually agree that in the event that Hicol, Inc. or substantially all of its assets are sold within seven (7) years from the date hereof and further provided that Andreoli has not voluntarily terminated his employment or has been terminated for good cause (such as theft, dishonesty, etc.), then and in that event Andreoli shall receive $50,000.00 of the proceeds of such sale (as and when received) providing that such sale shall be in excess of the aggregate of:....

Andreoli remained in the employ of the D.I.P. until May 27, 1983, at which time he voluntarily resigned. On November 7, 1983, Andreoli filed a proof of claim for wages due under the contract. The D.I.P., asserting it to be an executory instrument, seeks to reject the contract.

■ The Bankruptcy Code authorizes a trustee or debtor in possession, subject to court approval, to assume or reject an executory contract. 11 U.S.C. § 365[a]. The Code itself does not define the term "executory". The legislative history, in dealing with the term, states that it "generally includes contracts on which performance remains due to some extent on both sides." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 347 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 58 (1978) U.S.Code Cong. & Admin. News 1978, pp. 5787, 5844, 5963, 6303. Professor Vern Countryman, a noted authority, defines an "executory" contract as "[a] contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Countryman, *Executory Contracts in Bankruptcy, Part I*, 57 Minn.L.Rev. 439, 460 (1973). It should be noted, an executory contract must be in existence for § 365 to apply. 2 *Collier on Bankruptcy* ¶ 365.02 (15th ed. 1979). If the contract has expired by its own terms, there is nothing left for the trustee or D.I.P. to assume or reject. *Id.*

■ As the facts clearly show, the employment contract considered here was terminated as a result of Andreoli's resignation and departure from the firm. As a result, the contract is not executory in the sense of the definitions discussed above and is, thus, not subject to the avoiding power of § 365. There remains only Andreoli's filed claim for wages under the former agreement.

Submit an order in accordance with the above.