In the Matter of COMPASS DEVELOPMENT, INC., Debtor.

CONSOLIDATED ENERGY CORP., Plaintiff,

v.

Nancy O'BRIEN, Edith O. O'Brien, Mae O'Brien, Doreen O'Brien, Rachel O'Brien Strickland, A.A. Strickland, Goldie O'Brien, Michael O'Brien, Melville O'Brien, Juanita O'Brien, Sharon O'Brien Stone, C.S. Stone, Patricia Douglass, D.B. Douglass, Rowland E. McNamee, Attorney In Fact for Bernice Greer, Bernice Heckler, D. Carl Heckler, Sara Nell, et al., Defendants.

Bankruptcy No. 84–0409.

United States Bankruptcy Court, D. New Jersey.

Nov. 22, 1985.

Citrino, Balsam, DiBiasi & Katchen by Barney K. Katchen, Nutley, N.J., Jeffrey Freireich, Secaucus, N.J., for Consol. Energy.

Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein, P.A., by Richard D. Trenk, Newark, N.J., for defendant Edith O'Brien and defendant heirs of Nancy O'Brien.

Meth, Nagel, Rice, Woehling & Bausch by Theodore Sager Meth, Westfield, N.J., for M & J Joint Venture and Key Oil Co.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

This adversary proceeding was brought on by the successor-in-interest of the debt-or, pursuant to Bankruptcy Rule 7001, *et seq.* Having previously ruled on other matters relating hereto, this Court now addresses the defendants' cross-motion for summary judgment demanding that plaintiff's complaint be dismissed with prejudice and costs.

The defendants are all heirs of the late Nancy O'Brien, former owner of certain real property located in West Virginia. On March 19, 1981, the defendants and the debtor entered into an agreement permitting the debtor to enter upon the property to explore and develop its oil and gas resources in exchange for certain rental payments. The agreement was for an initial term of "two years ... and as long thereafter as oil or gas are produced in paying quantities." For reasons unexplained, the debtor did absolutely nothing in the way of exploration and/or development, nor did the debtor ever enter upon the property. At the expiration of the original lease term, without beneficial results, the defendants and debtor entered into an Amendment on April 9, 1983, extending the lease for an additional year. Again, the debtor took no action with respect to exploration or development.

Unknown to the defendants, on December 29, 1981, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Thereafter, on August 6, 1982, a trustee was appointed by this Court. The debtor never disclosed this information to the defendants, nor were the transactions with the defendants mentioned in the debtor's various filings in these bankruptcy proceedings.

On or about July 2, 1984, believing their agreement with the debtor to have expired by its own terms, the defendants leased the property to another unrelated entity. Thereafter, the plaintiff herein, the debtor's successor-in-interest, began this proceeding for the avowed purpose of asserting its rights under the extended lease. The plaintiff's argument is twofold. Essentially, plaintiff contends, first, that the automatic stay of § 362[a] acted as a toll on the expiration of the lease and, second,

that the lease is executory and, thus, assumable pursuant to § 365[a] of the Bankruptcy Code.

The defendants' cross-motion is based on their contention that the original agreement lapsed by its own terms, and the purported amendment is without effect due to the debtor being in bankruptcy and, thus, unable to enter into such agreements without the direct participation of the trustee.

The threshold question in this matter is one of procedure. The defendants' cross-motion is for summary judgment. In adversary proceedings, Bankruptcy Rule 7056 adopts Federal Rule of Civil Procedure 56. Subsection [c] of that Rule empowers this Court to grant the motion for summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56[c]. Discerning no disputed facts herein and evaluating this controversy as purely a matter of law, the form of the defendants' cross-motion is proper, and the Court will enter an eventual ruling to that effect.

Having thus decided the procedural aspect of the defendants' cross-motion, the Court moves now to the substantive arguments. Section 362 of the Bankruptcy Code provides for an automatic stay to protect the debtor from all types of actions, be they lawsuits, foreclosures, enforcement actions, or anything akin thereto. It was intentionally written to be so broad as to reach most proceedings. 11 U.S.C. § 362[a]. *See generally* 2 Bkr.L.Ed., Code Commentary and Analysis § 15:17 (July 1983). However, employment of an automatic stay to protect the debtor from some type of litigation is to be distinguished from relying upon the stay to toll the running of an agreement. Neither the language of the statute itself nor its legislative history indicates that it was intended for any such purpose. Indeed, it would take a considerable torturing of the plain meaning of § 362[a] to construe it as a toll on the running of an ordinary lease.

The caselaw also cries out against such a far-flung interpretation. In *Strasser, Inc. v. R.R.S., Inc. (In the Matter of R.R.S., Inc.)*, 7 B.R. 870 (Bankr.M.D.Fla.1980), the plaintiff/lessor had obtained a writ to evict the debtor on grounds of the debtor's default in rental payments. The writ went unexecuted, however, because the debtor filed for bankruptcy and invoked the protection of the automatic stay prior to the sheriff's acting on the eviction. While making a limited finding that, pursuant to § 362[e], the debtor had a naked right of possession, Chief Judge Paskay stated "the automatic stay ... does not have any bearing on the continued viability of a lease agreement. Once the lease is terminated ... the landlord-tenant relationship is gone regardless" of any right of possession. *Id.* at 873. Similar facts and results obtained in *Fineberg v. Cowboy's, Inc. (In re Cowboy's, Inc.)*, 24 B.R. 15 (Bankr.S.D.Fla. 1982), where the automatic stay prevented enforcement of an execution of judgment already entered in the state court. In lifting the automatic stay, the court found "[i]f the debtor is not in possession pursuant to a valid lease, ... it is in no better position than a trespasser." *Id.* at 16.

It is, therefore, the opinion of this Court that § 362[a] was not intended to act as a toll on leases, contracts and the like, but only as a stay on actual proceedings and similar acts against the debtor. The Court agrees with the above cited precedents that a lease is subject to expiration at its stated term, notwithstanding the protection of the automatic stay. Moreover, this Court notes that the "right to possession" claimed by the debtors in the above cited cases is inapplicable herein, because at no time did the debtor actually or constructively take possession.

This brings us to the final point to be considered, the alleged extension of the lease by the debtor. There can be no doubt this was a wholly unauthorized act by the debtor. 11 U.S.C. § 365 governs the assumption or rejection of leases by the debtor. While it is debatable that an extension of a lease constitutes an assumption of

same, the plaintiff has characterized it as such in seeking approval to assume pursuant to § 365, and the Court will not take issue with that presently. The statute in question clearly states the decision to assume or reject shall be by the trustee, with the court's approval. In these proceedings, neither has occurred. Although the trustee was emplaced at the time, the debtor signed a lease extension without his knowledge. Nor was the approval of this Court ever given. Debtor thus fails on both counts. It necessarily follows that the purported extension of the lease is void and without effect. As to any possibility of the trustee now making a proper application to assume the lease, that avenue is now closed. By its own terms, the lease has expired. "[O]nce a lease is terminated, . . . it cannot be given new life. . . ." *Strasser, Inc. v. R.R.S., Inc., supra* at 872. *See In the Matter of Howard Industries,* 56 B.R. 5 (Bankr.N.J. 1985) (DeVito, B.J.). Thus, the trustee is left without alternatives.

In conclusion, this Court finds the original lease agreement expired by its own terms, and was not tolled nor stayed by § 362[a] of the Bankruptcy Code. Further, the purported extension of the lease in question, having been executed by the debtor without the authorization of the trustee or this Court, is without effect. The Court, finding no genuine issues of fact, but only of law, grants the defendants' cross-motion for summary judgment and dismisses the plaintiff's complaint with prejudice. Parties shall bear their own costs.

Submit an order in accordance with the above.