In April 1987, Horace E. McCoy, Sr., filed an action in the small claims court of Etowah County against James W. and Janet D. Steeley, as well as a materialmen's lien on their property. James and Janet Steeley, here appellants, then filed a petition under Chapter 13 of Title 11, U.S. Code, and relief was ordered by the United States bankruptcy court. Appellants also filed an answer and counterclaim in small claims court, adding a third party. In August 1987, the Etowah Circuit Court ordered that all proceedings concerning Horace E. McCoy, Sr., were stayed. That order also dismissed the counterclaim filed by the defendants adding Patsy Dunivant as a third party.
 The record reveals that Patsy Dunivant, the daughter of Mr. McCoy, had allegedly called the Steeleys and encouraged them to pay the outstanding debt owed to her father.
 Appellants now contend that the trial court erred in granting the motion of Patsy Dunivant to dismiss her as a third party defendant. They argue that, under the automatic stay provision of the Bankruptcy Code, § 362, this dismissal proceeding of the trial court was void and without effect. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982).
Bankruptcy Code, § 362, states in pertinent part:
 "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. § 78eee(a)(3)), operates as a stay, applicable to all entities, of —
 "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . ."
 We note that an automatic stay pursuant to this section acts as a stay of court proceedings, but does not deprive a state court of jurisdiction over the matter. In re Clowser, 39 B.R. 883
(Bankr.E.D.Va. 1984). Furthermore, an automatic stay is intended under the provision only as a stay on actual proceedings and similar acts against the debtor. Matter of Compass Development, Inc., 55 B.R. 260 (Bankr.D.N.J. 1985). The automatic stay is designed to give the debtor a "breathing spell" from his creditors. In re Ahlers, 794 F.2d 388 (8th Cir. 1986). Thus, the trial court did not err in granting the motion to dismiss a third party whom the debtor had asserted a claim against. It was not this type action that the automatic stay was intended to apply to.
 The appellants contend that the trial court abused its discretion by not granting a continuance due to the absence of a court reporter. Though we find no error in the trial court's action, we are unable to consider this argument, as no authority was cited for this contention. Rule 28, Alabama Rules of Appellate Procedure, mandates citations of authority for issues raised on appeal. Gunn v. Jefferson County Dept. of Pensions Security, 467 So.2d 963 (Ala.Civ.App. 1985).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.