THIGPEN, Judge.
From the scant record on appeal, it appears that there was an automobile accident which ultimately resulted in Alfa Mutual Insurance Company (Alfa) receiving a favorable judgment against Leonard Joe Taylor in the amount of $1,750. Taylor, pro se, appeals.
On appeal, Taylor argues that the trial court abused its discretion in this judg *1047 ment. Both parties indicate in their briefs that there was a hearing with recorded testimony and that a transcript could have been available. No transcript was made available for appellate review and no evi-dentiary statement complying with Rule 10(d) or (e), A.R.App.P. was supplied for review on appeal. Therefore, we must assume that the omitted evidence supports the judgment. Brown v. Brown, 513 So.2d 617 (Ala.Civ.App.1987).
Additionally, Taylor’s brief, in numerous respects, fails to comply with Rule 28, A.R.App.P. Taylor’s argument will not be considered due to Taylor’s failure to cite any authority for his contentions. Steeley v. Dunivant, 522 So.2d 299 (Ala.Civ.App.1988). Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat’s Auto Parts, 504 So.2d 736 (Ala.Civ.App.1987).
Taylor has failed to provide this court anything to review on appeal. Consequently, this case is affirmed.
Alfa’s request for attorney’s fees pursuant to Rule 38, A.R.App.P. is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.