Gabriel KESSEY, Appellant,

v.

FRONTIER LODGE, INC., d/b/a Frontier Lodge, and Boulder Investments, Inc., d/b/a Frontier Club; William Stewart, Darrin Lemons, Susan Blackwell, Richard Lemons, Appellees.

No. S–9724.

Supreme Court of Alaska.

March 1, 2002.

Michael W. Flanigan, Walther & Flanigan, Anchorage, for Appellant.

Gary Zipkin and Gregory G. Silvey, Guess & Rudd P.C., Anchorage, for Appellees.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

### OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

Gabriel Kessey sued Frontier Lodge and others alleging that they negligently served alcohol to an intoxicated driver who later drove his truck into a car occupied by Kessey. Frontier Lodge moved for summary judgment, supporting its motion with affidavits from its bartender and the driver. Despite Kessey's Alaska Civil Rule 56(f) request for a thirty-day continuance to depose the bartender and the driver, the superior court granted summary judgment against Kessey. We reverse, because it was an abuse of discretion not to grant Kessey's continuance request.

## II. FACTS AND PROCEEDINGS

Gabriel Kessey was injured in May 1997 when Scott Morrison drove his truck into a car occupied by Kessey. Morrison was intoxicated. Kessey sued Frontier Lodge, Inc., Boulder Investments, Inc. (doing business as the Frontier Club), and others in April 1999 for criminal negligence; his complaint alleged that Frontier's employees had served alcohol to a visibly intoxicated Morrison.[1]

---

1. Kessey's complaint also advanced other theories of liability stemming in part from the ownership structure and operation of the establishment which allegedly served Morrison. In his complaint Kessey alleged that Boulder Investments, Inc. ("Boulder") was doing business as Frontier Club at the time of the accident. Kessey also alleged that Frontier Club is alternatively known as Frontier Lodge. We refer to this drinking establishment as Frontier Lodge throughout. Kessey also alleged that Boulder's corporate officers and directors—Darrin Lemons, Susan Blackwell, and Richard Lemons—were liable because Boulder failed to procure liability insurance. Kessey's complaint also alleged that Fron-

tier Lodge, Inc. was liable "directly by and through its employee and agents or indirectly through its agent, servant or licensee." Kessey argues that Frontier Lodge, Inc. held the liquor license for Frontier Lodge at the time of the accident and permitted Boulder to operate a liquor dispensary business without the proper transfer of the liquor license. Again, Kessey alleged that Frontier Lodge, Inc.'s officers and directors—specifically William Stewart—were liable because Frontier Lodge, Inc. failed to procure liability insurance. The superior court dismissed Kessey's claim of failure to obtain liability insurance for failure to state a cause of action

Boulder moved for summary judgment in late March 2000. Boulder supported its motion with affidavits from Morrison and Frontier Lodge bartender Tacey Rahoi. Morrison stated in his affidavit that "[Morrison] was never in the Frontier Club ... on the evening in question," and that "[t]he bar that was in a log-building structure where [he] was served an alcoholic beverage after [he] left Reflections was the bar located in the Captain Bartlett Inn." He stated that he left Reflections between 12:30 a.m. and 1:30 a.m. Rahoi stated that she was the only bartender at Frontier Lodge that night, that she "did not serve Scott Morrison alcohol that night," and that she sold the last beer of the night at 11:47 p.m., before the time Morrison claimed he left Reflections. Frontier Lodge, Inc. joined in Boulder's motion. For convenience, we sometimes refer here to the corporate defendants Frontier Lodge, Inc. and Boulder Investments, Inc. collectively as "Frontier," and to the establishment as "Frontier Lodge."

The superior court granted Kessey's motion for a ten-day extension to oppose the summary judgment motion. Kessey's opposition argued that a transcript attached to the summary judgment motion created a material fact dispute about whether Frontier had served Morrison that night, precluding summary judgment. The transcript was of a Fairbanks Police Department interview with Morrison the night of the accident. During the interview, Morrison told Detective Aaron Ring that he had gone to three bars that night: Reflections, a second bar, and a "log-cabin place." Kessey also relied upon Detective Ring's transcribed comments during the interview in which he suggested to Morrison that the "log building" was Frontier Lodge. Kessey's opposition to the summary judgment motion did not produce any evidence that contradicted Rahoi's or Morrison's statements that Morrison was not at Frontier Lodge on the night of the accident. But

Kessey's opposition requested that he be allowed an additional thirty days under Alaska Civil Rule 56(f) to take the depositions of Morrison, Rahoi, Detective Ring, and accident witnesses to "attempt to sort out ... what were the 2 locations besides the Captain Bartlett [Inn] where Morrison drank that night." Without ruling on Kessey's Rule 56(f) request, the superior court granted summary judgment to Frontier Lodge, Inc. and Boulder and dismissed Kessey's claim against them in May 2000. The court later entered Alaska Civil Rule 54(b) final judgments for Frontier Lodge, Inc. and the Boulder defendants.

Kessey appeals.

## III. DISCUSSION

### A. Standard of Review

██ We review for abuse of discretion a decision to deny a continuance requested under Alaska Civil Rule 56(f).[2]

### B. Kessey's Rule 56(f) Request for a Continuance

██ Rule 56(f) permits a court to order a continuance if a party needs time to conduct discovery to oppose a summary judgment motion:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.[3]

██ Generally, "requests made pursuant to Rule 56(f) should be freely granted,"[4] at least when the litigant seeking a Rule 56(f) continuance has "ma[d]e it clear to the trial court and the opposing party that he opposes

---

under Alaska Civil Rule 12(b)(6). Kessey's complaint also named other defendants, including persons associated with Reflections, a bar which also allegedly served Morrison that night. This appeal does not address claims regarding the Reflections defendants.

2. *Munn v. Bristol Bay Hous. Auth.*, 777 P.2d 188, 192 (Alaska 1989) (citation omitted).

3. Alaska R. Civ. P. 56(f).

4. *Jennings v. State*, 566 P.2d 1304, 1313 (Alaska 1977).

the summary judgment motion on this ground,"[5] and has provided "adequate reasons explaining why [he] cannot produce facts necessary to oppose summary judgment within the original time frame, and [that he] has not been dilatory in his use of discovery."[6]

Kessey argues that it was error not to grant his Rule 56(f) request. In support, Kessey cites the standard for granting such requests discussed in *Munn v. Bristol Bay Housing Authority*[7] and *Gamble v. Northstore Partnership*.[8] Although Kessey offered no affidavits to support his request for a Rule 56(f) continuance, his attorney stated in his memorandum opposing summary judgment and requesting the continuance that counsel "would liked to have done these depositions earlier," but had been "out of town on vacation" when Boulder filed its motion for summary judgment and had been making "hectic trial preparations" for a complex medical malpractice case when he returned.

■ Frontier seems to argue that Kessey's failure to offer an affidavit in support of his Rule 56(f) request should prevent him from seeking the continuance. But we decline to adopt such a stringent requirement.

It would be contrary to Alaska practice, which requires that Rule 56(f) requests be "freely granted."[9] It would also be inconsistent with federal authority governing interpretation of Federal Rule of Civil Procedure 56(f), upon which Alaska's rule was modeled. Alaska's mandate that Alaska Civil Rule 56(f) requests be "freely granted" corresponds to recognition that Federal Rule of Civil Procedure 56(f) should be applied with a "spirit of liberality."[10]

> The purpose of subdivision (f) [of Federal Rule of Civil Procedure 56] is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective. Consistent with this purpose, courts have stated that technical rulings have no place under the subdivision, and that it should be applied with a spirit of liberality.[11]

■ Federal authority also instructs courts to take a substantive approach in deciding whether a party opposing summary judgment has complied with the requirements of Federal Rule of Civil Procedure 56(f).[12] We agree with this approach.

---

**5.** *Id.* at 1313 (affirming superior court's grant of summary judgment against plaintiff in wrongful death action, where plaintiff not only failed to submit affidavits in her opposition to summary judgment, but also failed to mention Rule 56(f)).

**6.** *Gamble v. Northstore P'ship*, 907 P.2d 477, 485 (Alaska 1995); *see also Braun v. Alaska Commercial Fishing & Agric. Bank*, 816 P.2d 140, 145 (Alaska 1991) (affirming denial of Rule 56(f) request where party was on notice of affirmative defense and was dilatory in not conducting discovery on that issue).

**7.** 777 P.2d 188 (Alaska 1989).

**8.** 907 P.2d 477, 485–86 (Alaska 1995) (reversing grant of summary judgment where plaintiff opposing motion had not filed affidavit requesting continuance but otherwise clearly stated his opposition, and concluding that plaintiff's submission of affidavit of plaintiff's counsel which "did not expressly mention Rule 56(f), but which clearly set forth the [plaintiff's] desire and justification to undertake additional discovery ... satisfied the requirement that a party seeking Rule 56(f) relief must make an 'unambiguous request' ").

**9.** *Jennings*, 566 P.2d at 1313.

**10.** 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2740, at 402–03 (3d ed.1998).

**11.** *Id.*

**12.** *E.g., Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.1973) (vacating summary judgment for defendant in antitrust action where plaintiff's counsel informed court in writing that he could not show interstate sales to support subject matter jurisdiction without further discovery, and requested delay until he could conduct discovery, but filed no Rule 56(f) affidavit. The court stated that "the written representation by [plaintiff's] lawyer, an officer of the court, is in the spirit of Rule 56(f) ..." and that "[f]orm is not to be exalted over fair procedures"); *contra Radich v. Goode*, 886 F.2d 1391, 1394 (3d Cir.1989) (holding that district court's grant of summary judgment for defendant in trespass action was not premature where plaintiff's attorney had claimed in his memorandum in opposition to summary judgment that unanswered interrogatories required continuance of discovery period, but where no Rule 56(f) affidavit had been filed by plaintiff).

Frontier also argues that Kessey was dilatory in conducting discovery and that the superior court was "well within its discretion" not to grant him additional time. It notes that the accident predated the summary judgment motion by nearly three years. But the facts of this case do not establish a level of delay that would have justified denying Kessey's continuance request.[13] Kessey filed his complaint in mid-May 1999. Boulder filed its answer and third-party complaint in late July 1999, and Frontier Lodge, Inc. filed its answer and third-party complaint in mid-August 1999. The record reflects extensive motion practice as preliminary issues were resolved among the numerous parties before Boulder and Frontier Lodge, Inc. moved for summary judgment. The record indicates that as of late 1999, five law firms, apart from Kessey's counsel, had appeared. Boulder served its summary judgment motion on Kessey by mail on March 28, 2000, about ten months after Kessey filed suit and eight months after Boulder filed its answer. Frontier Lodge, Inc. joined in Boulder's motion several days later. It does not appear that Kessey's counsel had been doing nothing to advance his case before the defendants moved for summary judgment. The superior court proceedings generated a four-volume record in the fourteen months after Kessey filed suit; at least two volumes appear to predate the summary judgment motions.

The circumstances of this case set it apart from the case most favorable to Frontier, *Brock v. Weaver Bros.*[14] In that case no discovery had been undertaken, and there were indications that plaintiff's counsel had done little or nothing to advance plaintiff's case. Here, however, other aspects of the case were very actively litigated, effectively delaying discovery, before Boulder moved for summary judgment, and Kessey's attorney provided good reasons why he could not immediately take the depositions of Morrison and Rahoi after Boulder moved for summary judgment.

Because the showing made by Kessey's attorney was sufficient to require a continuance under Rule 56(f), and because there was no compelling demonstration of lack of diligence on Kessey's part in prosecuting his case, pursuing discovery, or making efforts to oppose the summary judgment motion, we conclude that it was an abuse of discretion to grant summary judgment without first granting Kessey's request for a continuance. The only effective way for Kessey to test and rebut the fact assertions made in the Rahoi and Morrison affidavits was to depose these witnesses. In deposing Morrison, Kessey might have sought to obtain the name of the second bar Morrison told police he had visited after leaving Reflections and before arriving at what was apparently the Captain Bartlett Inn. Alaska Civil Rule 56(f) requires that Kessey be given this opportunity.

### C. Morrison's Affidavit

Kessey also argues that it was error to grant summary judgment to Frontier because, he alleges, Morrison's affidavit was inconsistent with statements Morrison made to the police; Kessey claims that this inconsistency created credibility disputes and thus genuine issues of material fact. We need not reach this contention because we have already concluded that the failure to grant a Rule 56(f) continuance requires reversal.

### IV. CONCLUSION

For these reasons, we REVERSE the summary judgments and remand for further proceedings consistent with this opinion.

---

**13.** One case Frontier cites supports Kessey's position here. *See Parson v. Marathon Oil Co.,* 960 P.2d 615, 618–20 (Alaska 1998) (reversing denial of Rule 56(f) request, even though it was not made until after summary judgment had been granted).

**14.** 640 P.2d 833 (Alaska 1982).