Rita Marina HYMES and Donald
Louis Hymes, Appellants,

v.

Leonie DERAMUS, MD, and Michael
James Pomeroy, Appellees.

No. S–11562.

Supreme Court of Alaska.

Aug. 26, 2005.

Rita Marina Hymes, Fairbanks, pro se.

Donald Louis Hymes, Sheridan, Oregon, pro se.

Gail T. Voigtlander, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellees.

Before: BRYNER, Chief Justice, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Pro se plaintiffs Donald and Rita Hymes sued medical personnel associated with the Alaska Department of Corrections. After the defendants moved for summary judgment and supported their motion with a physician's affidavit, the superior court entered summary judgment against the Hymeses, who submitted no responsive affidavit. The Hymeses argue here that it was error to give them only an additional month in which to submit a responsive expert affidavit. We agree, and reverse.

## II. FACTS AND PROCEEDINGS

Donald Hymes is a federal prisoner who was temporarily incarcerated at the Fairbanks Correctional Center (FCC), an Alaska Department of Corrections facility, from May to August 2003. In July 2003 he and his wife, Rita Hymes, representing themselves, sued medical personnel associated with the Department of Corrections—Dr. Leonie DeRamus and Michael Pomeroy [1]—alleging medical malpractice, negligent infliction of emotional distress (NIED), loss of consortium, and failure to report elder abuse. The defendants moved for summary judgment on January 6, 2004 and supported their motion with an expert affidavit from Dr. John M. Robertson, MD, who found no evidence of malpractice. On January 23 the Hymeses filed an opposition and supporting memorandum that stated that they had "not had the opportunity to complete discovery" and quoted from a federal case applying Federal Rule of Civil Procedure 56(f). They also argued that the superior court had not clarified

---

1. According to the defendants, Pomeroy was employed as a "Physician Assistant" at FCC, and Dr. DeRamus "served as the collaborating physician and consultant to [Pomeroy]" under a professional services contract.

whether Donald "requires an 'expert witness' or not."

On February 26 the superior court issued an order explaining that if the Hymeses did not submit an expert affidavit "establishing the standard of care due from the defendants, breach thereof, and damages proximately caused by such a breach of duty of care, summary judgment will be entered against them." [2] The court gave the Hymeses until March 27 to supplement their opposition. On March 26 the Hymeses requested a continuance. The superior court denied that request and then granted the defendants' motion for complete summary judgment and awarded attorney's fees to the defendants. The Hymeses appeal.

## III. DISCUSSION

### A. Standard of Review

■ "We review for abuse of discretion a decision to deny a continuance requested under Alaska Civil Rule 56(f)." [3] Grants of summary judgment are reviewed de novo and will be upheld if there are "no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." [4]

### B. It Was an Abuse of Discretion To Deny the Hymeses' Request for Continuance.

■ "We hold the pleadings of *pro se* litigants to a less stringent standard than those of lawyers." [5] We therefore read the Hymeses' pro se brief generously.

■ They appear to argue that it was an abuse of discretion to deny them a continuance under Alaska Civil Rule 56(f). [6] This rule "permits a party opposing summary judgment to request additional time to gather and submit evidence to support the party's opposition." [7] We have repeatedly held that "requests made under Rule 56(f) should be granted freely because Rule 56(f) provides a safeguard against premature grants of summary judgment." [8] Failure to offer an affidavit in support of a Rule 56(f) request does not prevent a party from seeking the continuance. [9] "[T]he party seeking Rule 56(f) relief must do so unambiguously," but "need not specifically mention Rule 56(f) or file a separate motion." [10] In *Gamble v. Northstore Partnership,* we elaborated further:

> A request for Rule 56(f) relief need not state what specific facts further discovery will produce. The request will generally be granted if the party provides adequate reasons explaining why the party cannot produce facts necessary to oppose summary judgment within the original time frame, and if the party has not been dilatory in his use of discovery.[11]

■ Thus, a party must satisfy three requirements to receive a continuance under Rule 56(f): the party (1) must unambiguously request relief on those grounds, (2) must not have been dilatory during discovery, and (3) must provide adequate reasons why additional time is needed. We conclude that the Hymeses met all three requirements.

---

2. The superior court apparently considered all of the Hymeses' claims to be technical in nature. As we note in Part III.C below, some of the Hymeses' claims may be "non-technical." If so, those claims would not have to be supported by expert evidence.

3. *Kessey v. Frontier Lodge, Inc.,* 42 P.3d 1060, 1062 (Alaska 2002).

4. *Indus. Commercial Elec., Inc. v. McLees,* 101 P.3d 593, 597 (Alaska 2004).

5. *Fyffe v. Wright,* 93 P.3d 444, 452 n. 17 (Alaska 2004).

6. Alaska Civil Rule 56(f) provides:
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

7. *Sengupta v. Univ. of Alaska,* 21 P.3d 1240, 1259 (Alaska 2001).

8. *Ball v. Birch, Horton, Bittner & Cherot,* 58 P.3d 481, 489 (Alaska 2002); *see also Gamble v. Northstore P'ship,* 907 P.2d 477, 485 (Alaska 1995); *Munn v. Bristol Bay Hous. Auth.,* 777 P.2d 188, 193 (Alaska 1989).

9. *Kessey,* 42 P.3d at 1063.

10. *Parson v. Marathon Oil Co.,* 960 P.2d 615, 618 (Alaska 1998).

11. *Gamble,* 907 P.2d at 485 (citation omitted).

### 1. The Hymeses unambiguously requested Rule 56(f) relief.

It is apparently undisputed that the Hymeses unambiguously requested more time in which to obtain an expert affidavit in order to oppose the defendants' summary judgment motion.[12] The amount of time requested was not clear. Their continuance request asked the superior court to "grant them an extension of time tolling this action until [Donald] is released from prison and can be properly evaluated by an expert witness *in person.*" (Emphasis in original.) Because the Hymeses did not specify when Donald was to be released, the request could be read as one for an indefinite continuance.

But the memorandum supporting the Hymeses' continuance request listed the options they believed were available to them: (1) "[g]et an extension of time to pursue finding a doctor willing to give an affidavit," (2) "[w]ait until [Donald] is released from prison and enable him to get a medical check up and review of the records," and (3) "summons those medical doctors who have been involved in the past and present treatment of [Donald]." Their memorandum acknowledged that continuing to look for an expert while Donald was incarcerated did not "look very promising," but they did not foreclose that option. Their request for more time, then, was phrased in the alternative. Although they sought an indefinite continuance, they also requested whatever extension of time the superior court was willing to grant. The Hymeses therefore satisfied the first requirement.

### 2. The Hymeses were not dilatory during discovery.

■■■ Trial courts have a duty "to inform pro se litigants ... of the necessity of opposing a summary judgment motion with affidavits or by amending the complaint."[13] Furthermore, "the trial judge should inform a *pro se* litigant of the proper procedure for the action he or she is obviously attempting to accomplish."[14] The superior court therefore had a duty to inform the Hymeses of the need to submit a responsive expert affidavit if they were to defeat the defendants' motion for summary judgment.[15]

■■■ The defendants argue that the superior court informed the Hymeses about the necessity of an opposing expert affidavit on "at least three occasions" and that the Hymeses were on notice for six months before entry of summary judgment that they needed to obtain an expert affidavit. The record does not support this assertion.

The defendants assert that the first of these occasions was the pretrial scheduling conference of October 2003. According to the defendants, the superior court "told" the Hymeses "that they would need to obtain their own expert's affidavit to oppose such a motion for summary judgment." But the audio recording of this hearing does not reflect such an explicit instruction.[16] The court there discussed submitting factual assertions by affidavit, but said nothing of getting an affidavit from an expert, or that plaintiffs should get their "own" expert.

---

**12.** An affidavit is only one way to submit expert evidence at the summary judgment stage. For example, evidence may also be submitted through deposition testimony. We refer here to the need to submit an expert affidavit synonymously with the need to submit expert evidence because an affidavit is the usual method for submitting such evidence at this stage of a lawsuit, especially if no discovery has taken place.

**13.** *Sopko v. Dowell Schlumberger, Inc.,* 21 P.3d 1265, 1273 (Alaska 2001).

**14.** *Breck v. Ulmer,* 745 P.2d 66, 75 (Alaska 1987).

**15.** *See Kaiser v. Sakata,* 40 P.3d 800, 804 (Alaska 2002) (holding that trial court made adequate allowance for plaintiff's pro se status by advising plaintiff "quite clearly that if he did not submit

an expert affidavit to challenge the affidavit submitted by defendants, [plaintiff] would lose on summary judgment").

**16.** At the October 2003 hearing, the superior court stated in relevant part:

I'll urge you to look at the authority, whatever authority their brief [cites] and be very aware of the requirements of Rule 56, the rule governing summary judgment. Any factual assertions that you rely upon must be submitted by affidavit. And I'm giving you this advance notice because of the cases that suggest judges should. It will not be adequate to simply write something out that says why you disagree. Affidavits to factual assertions, documents, and of course legal authority.

The defendants contend that the Hymeses were informed a second time of the need for an expert affidavit by the defendants' January 5, 2004 memorandum supporting their motion for summary judgment. Although we have held that trial courts have a duty to inform pro se litigants of the applicable procedure in certain situations, we have not considered whether the court itself must give the notice or whether notice may be given by another party. The United States Court of Appeals for the Ninth Circuit has held that it is possible for the summary judgment movant to fulfill the court's duty to inform as long as the notice satisfies a number of criteria.[17] These criteria appear to be rigorous enough to guarantee functional notice.

But this case does not require us to decide whether a movant can fulfill the court's duty to inform a pro se opponent, because the defendants' memorandum was clearly insufficient for that purpose. The memorandum stated that, "[i]n medical malpractice cases, the plaintiff must offer expert testimony that establishes the standard of care, and the breach thereof, in order to proceed to trial." Persons in the Hymeses' position would not necessarily recognize that this was an objectively correct statement of what the court would require; it is just as likely that it would be considered part of the defendants' argument, because it is not always easy for pro se litigants to distinguish between what is indeed correct and what is merely wishful advocacy dressed in robes of certitude.

It therefore appears that it was not until entry of the superior court's order of February 26, 2004—what defendants term the third "occasion"—that the Hymeses were un-ambiguously put on notice that they needed an expert affidavit to oppose the pending summary judgment motion. The February 26 order stated that summary judgment would be granted unless the Hymeses "procure and present a medical expert's affidavit establishing the standard of care due from the defendants, breach thereof, and damages proximately caused by such a breach of duty of care." The order gave the Hymeses until March 27 to supplement their summary judgment opposition. Therefore, from the time they were unambiguously informed of the need to obtain an affidavit, these pro se litigants had only one month in which to do so.[18]

The Hymeses apparently contacted several different doctors around the country in attempting to obtain an affidavit. Based on the frequency of contacts reported by the Hymeses, we think they were reasonably diligent in looking for a physician who would assist them. The Hymeses therefore satisfied the second requirement.

### 3. There were adequate reasons for a continuance.

 The circumstances of this case required a reasonable continuance. Thirty days is not likely to be enough time for an incarcerated pro se litigant to arrange for an expert medical affidavit. Although an indefinite continuance would not have been justified,[19] the Hymeses alternatively suggested "an extension of time" that was not necessarily open-ended. The Hymeses should have been granted a reasonable and limited continuance. The superior court also should

---

**17.** *Rand v. Rowland,* 154 F.3d 952, 960 (9th Cir.1998) (en banc) (holding that the "requirement that '[d]istrict courts are obligated to advise prisoner pro per litigants of Rule 56 requirements,' may be met by the summary judgment movant providing the prisoner with notice.") (quoting *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir.1988)) (citation omitted).

The notice must be in a separate form not provided within the summary judgment motion or supporting papers; it must be phrased in "ordinary, understandable language"; it must inform the pro se litigant of the "right to file counter-affidavits or other responsive evidentiary materials and ... [alert the pro se litigant] to the fact that the failure to do so might result in the entry of summary judgment"; it must "clearly and conspicuously" inform the pro se litigant that the case will be over without a trial if summary judgment is granted; and "the notice must indicate that it is required to be given by the court." *Id.* at 960–61.

**18.** We also note that defendants moved for summary judgment less than six months after the complaint was filed and less than five months after the answers were served.

**19.** We have said that "[i]t would defeat the utility of summary judgment to permit a non-movant to delay *indefinitely* submitting evidence rebutting the movant's prima facie showing." *Ball v. Birch, Horton, Bittner & Cherot,* 58 P.3d 481, 490 (Alaska 2002) (emphasis added).

have told them that a personal examination of Donald was not required and that an expert affidavit based on a review of his medical records would be adequate.[20] Accordingly, we hold that it was an abuse of discretion to deny the Hymeses' request under these circumstances. We remand the case with instructions to grant the Hymeses a reasonable continuance in which to attempt to obtain an opposing expert affidavit.

### C. The Superior Court Should Consider on Remand Whether only Partial Summary Judgment Is Appropriate.

If, after a reasonable continuance, the Hymeses are still unable to obtain an adequate rebuttal affidavit, the superior court should consider whether only partial, rather than complete, summary judgment is appropriate. We have observed that "a defendant is not entitled to complete summary judgment in Alaska unless it demonstrates as to each claim against it that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." [21] The expert affidavit submitted by the defendants to support their motion for summary judgment contained the following caveat:

> The following summarizes my opinion concerning only the issue of medical care, based upon concerns raised in the complaint and review of the documentation. It does not attempt to address allegations and attributions of statements to Department of Corrections Medical Staff or others nor does it respond to a series of unsubstantiated complaints including but not limited to: "Someone forgets to dispense medications," "Someone alters paperwork," or "The medication was accepted by FCC but not given to Don," or other allegations concerning co-payment for medical services.

■ If the affidavit did not address all of the Hymeses' claims, the defendants may not have made out a prima facie showing of entitlement to complete summary judgment. If so, the Hymeses have "no obligation to demonstrate that a genuine factual issue existed" in order to avoid complete summary judgment.[22]

■ We also observe that "non-technical" claims would not have to be supported by expert evidence.[23]

## IV. CONCLUSION

For these reasons, we REVERSE the summary judgment. We therefore also VACATE the attorney's fee award.

MATTHEWS, Justice, not participating.

---

**20.** The opinions expressed in the affidavit of the defendants' medical expert, Dr. Robertson, were based on his review of Donald's records. Dr. Robertson's affidavit does not imply that he ever examined Donald.

**21.** *Ball,* 58 P.3d at 485–86.

**22.** *Id.* at 487. "The non-moving party need not demonstrate the existence of a genuine issue 'until the moving party makes a prima facie showing of its entitlement to judgment on established facts.' " *Alaska Travel Specialists v. First Nat'l Bank of Anchorage,* 919 P.2d 759, 762 (Alaska 1996) (quoting *Shade v. Co & Anglo Alaska Serv. Corp.,* 901 P.2d 434, 437 (Alaska 1995)). *See also Ball,* 58 P.3d at 487 n. 14; *Christensen v. NCH Corp.,* 956 P.2d 468, 474 (Alaska 1998).

**23.** Plaintiffs are "required by law to support [a medical malpractice] claim with expert testimony unless the causation of [the] alleged injury [is] of a non-technical nature." *Parker v. Tomera,* 89 P.3d 761, 766 (Alaska 2004). In other words, expert evidence is not required "if the negligence claimed would be evident to lay people." *Id.* Most of the Hymeses' contentions involved treatment decisions, prescriptions, or other medical issues that are arguably technical; if so, they must be supported by expert evidence. But some of allegations could possibly fall into the "non-technical" category, such as the failure to provide medication and adequate access to licensed physicians. Because the parties have not raised this distinction on appeal and did not raise it below, we do not attempt to decide which, if any, of the claims might not require expert evidence.