NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

RITA MARINA HYMES and )
DONALD LOUIS HYMES, ) Supreme Court No. S-15342
)
　　　　　Appellants, ) Superior Court No. 4FA-03-01617 CI
)
v. ) MEMORANDUM OPINION
) AND JUDGMENT*
LEONIE DERAMUS, M.D. and )
MICHAEL JAMES POMEROY, ) No. 1567 - February 3, 2016
)
　　　　　Appellees. )
)

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Bethany Harbison, Judge.

Appearances: Rita MariNa Hymes and Donald Louis Hymes, pro se, Fairbanks, Appellants. John J. Tiemessen, Clapp Peterson Tiemessen Thorsness & Johnson, LLC, Fairbanks, for Appellee Leonie DeRamus, M.D. Aisha Tinker Bray, Assistant Attorney General, Fairbanks, and Michael C. Geraghty, Attorney General, Juneau, for Appellee Michael James Pomeroy.

Before: Fabe, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Stowers, Justice, not participating.]

---

\*     Entered under Alaska Appellate Rule 214.

# I.    INTRODUCTION

A husband and wife brought malpractice claims against a doctor and physician assistant based on medical treatment the husband received from the Department of Corrections while in prison. The case was stayed during the couple's bankruptcy proceeding, but after the bankruptcy discharge and the lifting of the automatic stay, the superior court granted summary judgment to the defendants on several independent grounds. The couple appeals, arguing that the superior court should not have considered a summary judgment motion filed after the deadline set by the pretrial order and that the bankruptcy case robbed the superior court of jurisdiction over the malpractice claims. We affirm the judgment of the superior court.

# II.   FACTS AND PROCEEDINGS

## A.    Earlier Proceedings

This case is before us for the third time.[1] It arises from Donald Hymes's several-month incarceration at the Fairbanks Correctional Center in 2003; he claims that during that time he was not given the medications and other care he needed for a variety of serious medical problems.[2] In July 2003 Hymes and his wife Rita sued two medical care providers associated with the Department of Corrections, Dr. Leonie DeRamus and Michael Pomeroy, alleging medical malpractice and other causes of action.[3]

Superior Court Judge Richard Savell granted summary judgment to DeRamus and Pomeroy after the Hymeses failed to provide expert testimony in response to the defendants' summary judgment motion. In *Hymes I*, however, we reversed and

---

[1]    *See Hymes v. DeRamus* (*Hymes I*), 119 P.3d 963 (Alaska 2005); *Hymes v. DeRamus* (*Hymes II*), 222 P.3d 874 (Alaska 2010).

[2]    *See Hymes II*, 222 P.3d at 878.

[3]    Only the medical malpractice claims remain at issue on this appeal.

remanded the case, concluding that the superior court should have granted a continuance to allow the Hymeses more time to find a qualified medical expert.[4] In 2006 Superior Court Judge Robert B. Downes granted partial summary judgment against the Hymeses for failure to exhaust their administrative remedies within the Department of Corrections. The Hymeses again appealed, and in 2010 we reversed and remanded the case once more.[5] We concluded that there were genuine issues of material fact as to whether the exhaustion of remedies defense applied to all the Hymeses' claims and whether exhaustion might be excused as to particular claims.[6] We also ordered the superior court to reconsider the admissibility of psychiatric testimony proffered by the Hymeses, giving them the opportunity either to show that their proposed expert was board-certified or to submit the affidavit of a different, board-certified expert.[7]

**B. The Chapter 7 Bankruptcy Filings**

In December 2008, while their appeal in *Hymes II* was pending, the Hymeses filed a joint petition for Chapter 7 bankruptcy, which the bankruptcy court dismissed. The Hymeses filed a second bankruptcy petition in October 2012, after the remand in *Hymes II*. Neither petition listed the Hymeses' malpractice claims among their assets; rather, each petition asserted that the Hymeses had no "contingent and unliquidated claims" or any "[o]ther personal property" besides what was listed.

---

[4]    *Hymes I*, 119 P.3d at 967-68.

[5]    *Hymes II*, 222 P.3d at 890.

[6]    *Id.* at 881-85.

[7]    *Id.* at 885-87.

Proceedings on the Hymeses' claims in superior court were automatically stayed by the bankruptcy filing;[8] the superior court entered an order to that effect on December 20, 2012. On February 22, 2013, the bankruptcy court entered an order discharging the debtors, which served to lift the automatic stay.[9] The Hymeses appealed the discharge order, simultaneously moving for a stay pending appeal.[10] The federal district court ultimately affirmed the bankruptcy court's decisions.[11]

## C.    2013 Superior Court Proceedings

Following notice that the bankruptcy stay had been lifted, the Hymeses' malpractice case, now assigned to Superior Court Judge Bethany Harbison, was put back on track in the superior court. In May Pomeroy filed a motion for summary judgment on the basis of judicial estoppel, arguing that the Hymeses should be estopped from pursuing their malpractice claim because they failed to disclose it as an asset during the bankruptcy proceedings.

---

[8]    *See* 11 U.S.C. § 362(a)(1) (2006) (prohibiting "the commencement or continuation . . . of a judicial . . . action or proceeding . . . to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding]").

[9]    *See id.* § 362(c)(2) (providing in relevant part that "the stay . . . continues until the earliest of — (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied").

[10]    Fed. R. Bankr. P. 8007(a)(1) ("Ordinarily, a party must move first in the bankruptcy court for . . . (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal . . . ."). *See In re Damerau*, 525 B.R. 799, 814 n.14 (S.D. Fla. 2015) (explaining that effective December 1, 2014, Rule 8005 has been renumbered as Rule 8007, though the substance of the rule remains the same).

[11]    *Hymes v. United States*, No. 4:13-CV-00015-SLG (D. Alaska Jan. 30, 2014) (order affirming bankruptcy court decision).

In early June the superior court held an evidentiary hearing and oral argument on the exhaustion of administrative remedies defense. Later that month the court heard oral argument on the defendants' motions for summary judgment based on judicial estoppel and the Hymeses' continued lack of qualified expert medical testimony. The Hymeses objected to consideration of the judicial estoppel motion, arguing that it had been filed long past the January 2013 deadline for dispositive motions. But the superior court rejected the timeliness objection, reasoning that the facts supporting judicial estoppel — i.e., the Hymeses' failure to disclose the malpractice case in their petition — did not even exist until the Hymeses filed for bankruptcy, and that when they filed for bankruptcy the automatic stay went into effect, preventing the defendants from filing their motion until the stay was lifted.

The superior court granted the defendants' motions for summary judgment on all three independent grounds, drafting a separate decision for each one: judicial estoppel, failure to exhaust administrative remedies, and failure to support their malpractice claims with the opinion of an expert medical witness. In granting the motion on judicial estoppel, the superior court rejected the Hymeses' arguments that it lacked jurisdiction and that their lawsuit was not an "asset" as defined under the bankruptcy code. With regard to the exhaustion of remedies, the superior court concluded that "[Donald] Hymes[] chose not to avail himself of the prisoner grievance process for reasons other than his concerns about retaliation and/or a lack of meaningful access." Finally, on the subject of expert testimony, the superior court found that the Hymeses had again failed to show that their psychiatry expert was board-certified despite being informed repeatedly of that requirement; and although they had a second medical expert, her affidavit failed to establish that the Hymeses' alleged harm was caused by any breach of care by Dr. DeRamus or Pomeroy. Following these orders the Hymeses filed a number of motions for reconsideration or clarification, but all were denied.

On this appeal the Hymeses do not attack the merits of any of the three summary judgment rulings. Rather, they argue that: (1) the superior court abused its discretion by accepting and considering motions and supplementary filings that were untimely under the pretrial scheduling order; and (2) the superior court lacked jurisdiction over their malpractice claim because of their Chapter 7 bankruptcy proceeding.[12]

## III. STANDARDS OF REVIEW

We review "the superior court's decision to waive procedural rules" for abuse of discretion.[13] "We will find an abuse of discretion when the decision on review is manifestly unreasonable."[14]

---

[12] DeRamus moved to dismiss the Hymeses' appeal as untimely and renews this argument in his brief. The superior court distributed a final judgment on August 2, 2013, and the Hymeses filed a motion to vacate it 12 days later, two days past the ten days allowed for motions to alter or amend a judgment under Alaska Civil Rule 59(b). The superior court denied the motion to vacate in an order distributed September 16, whereupon the Hymeses immediately filed a motion for reconsideration, which the court denied by order distributed September 27. The Hymeses filed their appeal 30 days later. The timeliness issues in this sequence of events are relatively minor, and we relax the rules as necessary to entertain the Hymeses' appeal. *See Briggs v. City of Palmer*, 333 P.3d 746, 748 (Alaska 2014) (relaxing appeal deadline for appellant who filed repeated post-trial motions that did not "me[e]t the requirements to toll the running of time for filing an appeal" but who was "a pro se litigant who seems to have misunderstood court procedure"); *Shumway v. Betty Black Living Trust*, 321 P.3d 372, 375 (Alaska 2014) (relaxing appeal deadline for pro se litigant who "not only represents himself but does so while incarcerated in another state").

[13] *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007) (quoting *Nw. Med. Imaging, Inc. v. State, Dep't of Revenue*, 151 P.3d 434, 438 (Alaska 2006)) (internal quotation marks omitted), *disapproval on other grounds recognized by Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023 (Alaska 2009).

[14] *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015).

"[W]hether the superior court has subject matter jurisdiction"[15] and the application of federal bankruptcy law[16] are questions of law we review de novo, adopting "the rule of law which is most persuasive in light of precedent, reason, and policy."[17]

## IV.    DISCUSSION

### A.    The Hymeses' Timeliness Challenge To The Defendants' Motion For Summary Judgment On Judicial Estoppel Grounds Is Moot Because Of The Other Independent Grounds For Dismissal.

The Hymeses contend that the superior court abused its discretion when it considered motions and supplemental pleadings that the defendants filed past the deadlines set in the pretrial order.  Alaska Civil Rule 16(e) provides that once the pretrial order sets filing and other deadlines, they "shall be modified only to prevent manifest injustice," which the party seeking modification has the burden of showing.[18]  But the superior court has broad discretion in deciding such matters.[19]

In this case, the only dispositive motion filed after the deadline set by the pretrial order was the defendants' motion for summary judgment based on judicial estoppel.[20]  It was filed on May 28, 2013, four months after the January 25 deadline.  But

---

[15]    *Richter v. Richter*, 330 P.3d 934, 937 (Alaska 2014).

[16]    *Compton v. Chatanika Gold Camp Props.*, 988 P.2d 598, 601 (Alaska 1999).

[17]    *Id.* (quoting *Grove v. Alaska Constr. & Erectors*, 948 P.2d 454, 456 (Alaska 1997)).

[18]    *See Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1169 (Alaska 1998).

[19]    *Sowinski v. Walker*, 198 P.3d 1134, 1158 (Alaska 2008).

[20]    The other two dispositive motions had been pending for years:  DeRamus and Pomeroy filed motions for summary judgment based on the Hymeses' failure to exhaust administrative remedies and lack of expert testimony in support of their malpractice claims in February 2006 and January 2004 respectively.

the superior court found that "it was impossible for this motion to be filed by the deadline set out in the pretrial order," both because the matter was stayed between December 20, 2012 and April 26, 2013 "due to the plaintiffs' bankruptcy filing" and because "the facts relied upon by the defendants as support for their motion" — the Hymeses' failure to disclose the malpractice claim as an asset in the bankruptcy proceeding[21] — "did not arise until after the deadline for the filing of dispositive motions."

We see no flaw in the superior court's reasoning. But in any event, the superior court granted summary judgment on two other grounds besides judicial estoppel: that the Hymeses failed to exhaust their administrative remedies and that they failed to support their malpractice claim with qualified expert testimony. The Hymeses' timeliness challenge does not encompass those two defense motions, which at the time they were granted had been pending for years due to the succession of appeals and remands.[22] Thus, even if we were to reverse the summary judgment order based on judicial estoppel, the

---

[21]     Under federal bankruptcy law, debtors have "an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*," a duty that continues throughout the bankruptcy proceeding. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (emphasis in original) (quoting *In re Coastal Plains*, 179 F.3d 197, 207-08 (5th Cir. 1999)).

[22]     The defendants did supplement these motions after the dispositive motion deadline, but the Hymeses supplemented their submissions as well (for example, with "additional proof of [their expert's] certification"). Whether to allow supplemental materials was committed to the superior court's broad discretion. *See* Alaska R. Civ. P. 56(e) ("The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."); *see also DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009) ("The district court has broad discretion in permitting supplementation of the summary judgment record."); *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1227 (10th Cir. 2000) ("[T]he [trial] court clearly has discretion to permit supplemental affidavits it finds useful for summary judgment determination.").

Hymeses would still lose their claims because of the two independent and unchallenged grounds.[23]

## B. The Superior Court Had Subject Matter Jurisdiction To Dismiss The Hymeses' Malpractice Claim.

The Hymeses contend that because of their bankruptcy proceeding, the superior court lacked jurisdiction over the malpractice claim at the time it granted summary judgment to the defendants. Their argument is without merit. First, while it is true that "[t]he United States District Courts, and by extension the United States Bankruptcy Courts, have 'original and exclusive' jurisdiction over all bankruptcy cases,"[24] this "exclusive jurisdiction extends only to the bankruptcy petition itself."[25] "State courts enjoy concurrent jurisdiction with the federal courts over 'all civil proceedings arising under title 11 [bankruptcy], or arising in or related to cases under title 11.' "[26] Notwithstanding this concurrent state and federal jurisdiction, a bankruptcy petition triggers an automatic stay in state court.[27] This prohibits "any act to obtain

---

[23]     *See Espeland v. OneWest Bank*, 323 P.3d 2, 8 (Alaska 2014) ("[We] may affirm on any ground in the record . . . ."). Because of these independent grounds for affirmance, we also need not address the Hymeses' terse argument that "[h]ad they known that the Malpractice case should have been included in the Bankruptcy, they would have done so, and did once they were informed."

[24]     *Wagner v. Key Bank of Alaska*, 846 P.2d 112, 116 (Alaska 1993) (quoting 28 U.S.C. § 1334(a) (1988)).

[25]     *Id.* (citing *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)).

[26]     *Id.* (quoting 28 U.S.C. § 1334(b) (1988)).

[27]     *Brown v. Knowles*, 307 P.3d 915, 923 (Alaska 2013) (citing 11 U.S.C. § 362(a)(3) (2006)); *see also In re Transcolor Corp.*, 296 B.R. 343, 359 (Bankr. D. Md. 2003) ("Whether the automatic stay prevents the filing or maintenance of a cause of action outside the bankruptcy court depends upon whether the suit itself is property of the debtor or the debtor's estate.").

possession of property of the estate or of property from the estate or to exercise control over property of the estate."[28]  But the automatic stay "does not deprive the state court of jurisdiction over the matter."[29]  And the automatic stay expires when the debtor is discharged,[30] which in the Hymeses' 2012 bankruptcy case occurred on February 22, 2013.

The Hymeses contend that the bankruptcy court's order lifting the stay encompassed only the United States' foreclosure action on their Fairbanks home.  But while it is true that the bankruptcy court first granted the United States' motion seeking that limited relief from stay, two days later it entered the discharge order, which lifted the stay as to all other matters by operation of law.[31]

The Hymeses also assert that the superior court failed to acknowledge that their bankruptcy case was on appeal, apparently meaning to contend that the stay remained in effect through the appellate process.  But once the automatic stay expires

---

[28]    *Brown*, 307 P.3d at 923 (quoting 11 U.S.C. § 362(a)(3) (2006)).

[29]    *In re Clowser*, 39 B.R. 883, 884 (E.D. Va. 1984); *see also Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (explaining that stays are designed to "effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions . . . against the debtor or affecting the property of the estate"); *Steeley v. Dunivant*, 522 So. 2d 299, 300 (Ala. Civ. App. 1988) ("We note that an automatic [bankruptcy] stay . . . acts as a stay of court proceedings, but does not deprive a state court of jurisdiction over the matter.").

[30]    11 U.S.C. § 363(c)(2)(C) (2012) (providing that the automatic stay continues until the earlier of when the case is closed, the case is dismissed, or, if the case is brought under Chapter 7, "the time a discharge is granted or denied"); *In re Lakhany*, 538 B.R. 555, 561 (B.A.P. 9th Cir. 2015) (finding an abuse of discretion when the bankruptcy court granted relief from an automatic stay that had already expired upon the debtor's discharge).

[31]    *See supra* note 30.

upon discharge, an appeal does not reinstate it unless a court so orders: "[A] party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal."[32] The Hymeses did make such a motion, but the bankruptcy court denied it, finding that they demonstrated no likelihood of success on appeal, that they would not be irreparably harmed in the absence of a stay, and that public policy strongly disfavored their position. Indeed, the bankruptcy judge concluded that "[t]he Hymes[es] filed this bankruptcy to wrongfully hinder and delay the United States' collection efforts"[33] and that granting a stay pending appeal would "fl[y] in the face of the public integrity of the bankruptcy process."[34]

Accordingly, there is no merit in the Hymeses' claim that the appeal of their bankruptcy discharge robbed the superior court of jurisdiction to decide their malpractice claim.[35]

---

[32] Fed. R. Bankr. P. 8007(1)(A). *See In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 387 (B.A.P. 6th Cir. 2015) ("[T]he procedure for any party to seek a stay pending an appeal of a judgment is mandatory.").

[33] *In re Hymes*, No. A12-00599-GS, slip op. at 3 (Bankr. D. Alaska Apr. 5, 2013).

[34] *Id.* at 4 (quoting *In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006)).

[35] We also reject the Hymeses' argument that the superior court erred by failing to issue findings of fact and conclusions of law in support of summary judgment and several other orders. Alaska Civil Rule 52(a) specifically states that findings of fact and conclusions of law are not necessary on decisions of motions under Alaska Civil Rule 56, the summary judgment rule. Moreover, the superior court's three summary judgment orders each thoroughly explained its reasoning, giving us more than "sufficient clarity to permit meaningful appellate review." *Alaska Wildlife Alliance v. State*, 74 P.3d 201, 206 (Alaska 2003).

## V. CONCLUSION

We AFFIRM the superior court's judgment.[36]

---

[36] The Hymeses make several other arguments we do not reach. First, they ask us to modify the expert testimony requirement in medical malpractice cases by adopting a "learned treatise exception." We consider this argument waived because "a party may not raise an issue for the first time on appeal." *Hymes II*, 222 P.3d 874, 889 (Alaska 2010) (quoting *Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001)). Second, the Hymeses contend that the superior court erred by dismissing the case and denying all outstanding orders as moot on the same day it granted summary judgment to the defendants. We consider this argument waived for inadequate briefing; their cursory discussion of it gives us no basis for meaningful review. *See A.H. v. W.P.*, 896 P.2d 240, 243-44 (Alaska 1995). Finally, the Hymeses alleged judicial bias in their points on appeal, but they failed to address the issue in their briefs. *Washington Ins. Guar. Ass'n v. Ramsey*, 922 P.2d 237, 247 n.29 (Alaska 1996) ("[I]ssues which [appellant] raised in its points on appeal are waived, since [the appellant] failed to argue them in its briefs."). They cite generally to the canons of the Alaska Code of Judicial Conduct, but we identify no aspect of the proceedings in which the judge's integrity, propriety, or impartiality can be seriously questioned.